[Crim. No. 4886.   Second Dist., Div. Three.   Sept. 30, 1952.]

In re BLANCHE CLARA SWEET, on Habeas Corpus.

Richard A. Haley for Appellant.

S. Ernest Roll, District Attorney (Los Angeles), and Jere J. Sullivan, Deputy District Attorney, for Respondent.

SHINN, P. ▮▮▮▮ Ordinarily, where a petitioner for habeas corpus has an appeal pending or a right of appeal in which the grounds for release advanced in the petition for the writ could be urged as grounds for reversal of the judgment, the court would hold that habeas corpus is not an available remedy. But in this case it appears that petitioner was denied bail and although she has an appeal pending to the appellate department of the superior court, before that appeal can be determined in the natural course of that court's business she would have served the terms of her sentences. For that reason it appeared to the court that habeas corpus was her only effective remedy.

This petitioner was convicted of three misdemeanors in the municipal court of Compton Judicial District, which were alleged to have been committed on the same day, the 3d day of May. Prosecution was in two cases. In the first case, number M-9222, there were two counts. In the other case, M-9291, there was a single count. In the first case there was a single judgment which stated that the defendant was sentenced under count one to 30 days in the county jail, and under count two to 30 days in the county jail, the sentences to run consecutively with the sentence in M-9291. In M-9291 petitioner was sentenced to 30 days and the judgment provided that the sentence should run consecutively with the sentences in the other case. Petitioner served a term of 60 days. In her petition she alleged a single ground for her release, namely, that the third offense of which she was convicted was necessarily included in the other two. The judgments were not before the court at the time the writ was issued, but it appears from the return that the facts are as the court has just stated them. Petitioner has asked leave to raise an additional point and leave has been granted. The point is that the two sentences in the first case ran concurrently. We think this contention is sound, and it is therefore not necessary to pass upon her original contention that the third offense was included in the first two. We may regard the case as one in which the defendant has been convicted upon two counts under a single judgment and has received two sentences without any designation as to whether they run concurrently or

consecutively. That procedure is contrary to the requirements of section 669 of the Penal Code. ■ Where there is an existing judgment and a second judgment is rendered, unless the second judgment specifies that it is to run consecutively with the first judgment, it runs concurrently. There is an exception in a case where the court does not know of the earlier judgment or, knowing of it, unintentionally fails to designate whether the sentences run concurrently or consecutively. In that case the error can be corrected within 60 days. That was not done in this case. The point was before the court in *In re Radovich*, 61 Cal.App.2d 177 [142 P.2d 325], where the original section and various amendments were considered and the court construed the section as we now construe it. In *People* v. *Finkel*, 94 Cal.App.2d 813 [211 P.2d 888], it was held that the section applies, even in case of a single judgment containing sentences under two separate counts. ■ So it is quite clear to the court that the two sentences in the first case, M-9222, ran concurrently, and although they ran consecutively with the other sentence in M-9291 and that ran consecutively with the two sentences in M-9222, the first 30 days of imprisonment satisfied the judgment in the first case, and the second satisfied the judgment in the second case, so that at the end of 60 days the sentences had been fully satisfied.

The petitioner is discharged and her bond is exonerated.

Wood (Parker), J., and Vallée, J., concurred.