[Crim. No. 4049.   First Dist., Div. Two.   Apr. 10, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. DONALD ANTHONY CLEMENTS, Defendant and Appellant.

William F. Delucchi, under appointment of the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, John S. McInerny and Robert B. Smith, Deputy Attorneys General, for Plaintiff and Respondent.

KAUFMAN, P. J.—On this appeal from an order revoking probation (Pen. Code, § 1237, subd. 3), defendant, D. A. Clements, contends (1) he was denied due process of law at the time of his conviction because he was convicted on the basis of the transcript of the preliminary hearing; (2) he was denied due process of law at the time of his conviction because in his confused mental state, he could not properly waive his right to be convicted on evidence establishing his guilt beyond a reasonable doubt or his right to seasonably appeal; (3) that he was denied his right to present evidence in mitigation of punishment at the hearing on the motion for revocation of probation; and (4) that the trial court erred to his prejudice, by considering at the hearing on the motion for revocation of probation the evaluation report, prepared by the California Medical Facility. There is no merit in any of these contentions.

The record reveals the following: on April 28, 1960, appellant was charged by information with grand theft in violation of section 487 of the Penal Code. At his arraignment on May 9, the appellant was represented by counsel and waived advice and reading of the information. On May 16, appellant entered a plea of not guilty. A jury trial was ordered for June 20, 1960. On that date, the appellant was in the hospital and the trial taken off calendar and time for re-setting continued to August 15, at the appellant's request. Thereafter, on August 15, 1960, in the presence of the appellant, his counsel moved to withdraw the request for a jury trial and to submit the case on the preliminary transcript. This motion was granted after the defendant personally waived a jury trial and waived time. The court found the defendant guilty as charged, and on September 12, 1960, suspended sentence, and granted probation for one year on condition that the appellant take psychiatric treatment.

On February 9, 1961, the People instituted a proceeding to revoke probation. Appellant admitted the allegations in the three paragraphs of the affidavit for revocation. On February 20, appellant's counsel moved for a psychiatric evaluation and a ninety day observation period. This motion was granted and appellant ordered to the California Medical Facility at Vacaville for a period not exceeding ninety days. After a hearing on May 22, probation was revoked and appellant sentenced to the state prison with psychiatric treatment recommended. The notice of appeal was timely filed on May 29, 1961, in propria persona.

The first two contentions on appeal relate entirely to appellant's judgment of conviction of grand theft, entered on September 12, 1960, wherein the sentence was suspended and probation granted. No timely appeal from that judgment was filed. As the time for such an appeal has long since expired, we will dispose of these contentions summarily. Appellant was represented by counsel at all stages of the proceedings. He now contends that he was erroneously convicted on the sole basis of evidence contained in the transcript of the preliminary hearing and that, because of his mental condition, he was unable to understand the trial proceedings or his right of appeal. ■ It is well settled that by stipulation, a defendant may consent to trial on the preliminary transcript, and that such a stipulation is sufficient if made by counsel in the presence of the defendant (*People* v. *Dessauer*, 38 Cal.2d 547 [241 P.2d 238]). ■ Appellant erroneously contends that by such a stipulation, he waived the standard of reasonable doubt and agreed to be tried on a standard of probable cause. The standard of reasonable doubt remains no matter what the source of the evidence (Pen. Code, § 1096). We must assume that the trial court applied the proper standard of proof (Code Civ. Proc., § 1963, subd. 15).

■ As for appellant's mental condition at the time of trial, the matter was for the trial court, and its determination must stand in the absence of a clear abuse of discretion (*People* v. *Gomez*, 41 Cal.2d 150 [258 P.2d 825]). The mere fact that psychiatric care was thought beneficial to the appellant is no indication that he was not able to understand the nature of the proceedings and his rights or that the trial court entertained a doubt of his capacity to understand the proceedings (*People* v. *Harding*, 116 Cal.App.2d 65 [252 P.2d 1007]).

■ The next argument is that in violation of section 1204

of the Penal Code, he was denied his right to present evidence in mitigation of his sentence at the hearing on the motion to revoke probation. There is no merit in this argument. There is neither a constitutional nor statutory right to a hearing preceding revocation of probation. If a hearing is held, it is not governed by the rules concerning formal criminal trials. There is no right to present witnesses. The constitutional right to have counsel is not applicable since a probation proceeding is not part of a prosecution. Furthermore, the record indicates that the appellant was represented by counsel at the proceeding and was personally present. There was no indication that the appellant was not in the full possession of his faculties or unable to understand the proceedings.

The final contention on appeal is that the trial court erred in using the report from the Medical Facility in sentencing the appellant. No objection was raised by appellant's counsel (*People* v. *Dement*, 48 Cal.2d 600 [311 P.2d 505]). In fact, the record indicates that appellant requested this report. Furthermore, section 1203.03 of the Penal Code expressly authorizes the use of the report, just as section 1203 authorizes the use of the probation officer's report. Appellant, however, argues that the use of the report deprived him of his right to confront hostile witnesses. This right, however, may be waived (*People* v. *Dessauer, supra*; *People* v. *Wallin*, 34 Cal.2d 777 [215 P.2d 1]) and was clearly so waived here.

Order revoking probation and judgment sentencing appellant to the state prison affirmed.

Shoemaker, J., and Agee, J., concurred.