452 P.2d 700

**STATE of Arizona, Appellee,**

v.

**Derewood Andrew BIBLE, Appellant.**

**No. 1830.**

Supreme Court of Arizona.

In Banc.

April 2, 1969.

Rehearing Denied July 1, 1969.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Darrell F. Smith, former Atty. Gen., Phoenix, for appellee.

Vernon B. Croaff, Public Defender, by Daniel D. Holly, Deputy Public Defender, Phoenix, for appellant.

STRUCKMEYER, Justice.

Derewood Andrew Bible was informed against and upon trial was convicted of second degree rape in violation of A.R.S. § 13–611.

The evidence introduced at the trial established that defendant on the evening of December 24, 1966, invited four juveniles, two girls and two boys each of the age of fourteen years to his house for a party. Defendant there furnished malt liquor which was consumed by the juveniles. The complaining witness, one of the girls, consumed what was estimated as four cans. Later she had no recollection of the events described at the trial and was unable to testify as to their occurrence. However, there is ample evidence to support the conclusion that defendant and the two fourteen year old boys engaged in acts of sexual intercourse with her.

Later that night after complaint had been made to the police, two officers went to defendant's home where he was placed under arrest. At or about the time he was placed under arrest, one of the officers read from a card containing this language:

> "You have the right to remain silent, anything you say can be used against you in a Court of law. You have the right to the presence of an attorney to assist you prior to any questioning and to be with you during questioning, if you so desire. If you cannot afford an attorney you have the right to an attorney appointed for you prior to questioning. Do you understand these rights? Will you voluntarily answer my questions?"

Thereafter, on December 26, 1966, after again being apprised of his constitutional rights, in the presence of Police Officer John Gluhak, defendant made a full confession stating to Officer Gluhak that he had gone into a bedroom with the girl and had sexual intercourse with her.

Defendant urges that the warning above set forth does not comply with the decision of the United States Supreme Court in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, for the reason that it did not make clear to defendant that he had the right to cease speaking at any time and that the police could not then question further until he did consult with an attorney.

In Miranda the Supreme Court in referring to the rights of a defendant stated:

> "If, however, he indicates in any manner and at any stage of the process that he wishes to consult with an attorney be-

fore speaking there can be no questioning. Likewise, if the individual is alone and indicates in any manner that he does not wish to be interrogated, the police may not question him. The mere fact that he may have answered some questions or volunteered the statements on his own does not deprive him of the right to refrain from answering any further inquiries until he has consulted with an attorney and thereafter consents to be questioned." 384 U.S. 444, 445, 86 S.Ct. 1612.

 We do not take this to mean that law enforcement agencies are required to advise a person in custody in the precise language set forth. Rather, we take this to be an admonition directed to those conducting the interrogation as to what procedures must be followed under the eventualities discussed.

Defendant urges also that the warning was insufficient because it did not make clear to him that he had a right to an attorney provided at the State's expense during the interrogation. We think the warning itself negatives this argument.

 Defendant further urges that this court hold that his statement was involuntary because it was made on the second day after his arrest, pointing out that Officer Gluhak had twice attempted to interrogate him on December 25, 1966, and that on the morning of the 26th prior to the confession he had been confronted with the prosecuting witness. As to the coercive influence sought to be implied from these circumstances, Officer Gluhak testified that he did not offer any promise of reward or threaten or harass defendant in any way to induce him to speak, and that Bible was again advised of the same rights which he had been advised at the time of his arrest. Defendant did not take the witness stand; consequently, the officer's testimony was unimpeached. The court scrupulously follow the procedure pre-

scribed in Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, and the jury resolved the question of voluntariness against defendant under appropriate instructions from the trial court. We find no legal reason and are not inclined to disturb the jury's verdict for the assigned reasons.

The defendant next asserts that he was not charged by information with a prior felony conviction nor found guilty at a trial. As to this, at the time of the filing of the information on January 23, 1967, there was attached on a separate sheet of paper an allegation of prior conviction—that defendant had been convicted of the offense of child molesting, a felony, on the 12th of December, 1966, in the Superior Court of Maricopa County, State of Arizona. The record shows that to this allegation of prior conviction the defendant initially entered a plea of not guilty, but on the morning of March 14, 1967, he moved to withdraw his former plea of not guilty and thereupon entered a plea of guilty. This assertion is obviously without merit.

 Finally, defendant argues that his sentence of twenty-four to twenty-five years was excessive under the facts of the case. We have said repeatedly that a sentence, if within the statutory limits, is within the sound discretion of the trial court. State v. Benn, 101 Ariz. 252, 418 P.2d 589; State v. Bradley, 99 Ariz. 328, 409 P.2d 35. By A.R.S. § 13–614 as amended Laws 1962, Ch. 52 § 2; Laws 1967, Ch. 62, § 9 rape in the second degree is punishable by imprisonment in the state prison for life or for any term of years not less than one. Defendant's sentence, while large, is within permissible limits. Nothing is suggested which weighs against the depravity of the offense.

The judgment is affirmed.

UDALL, C. J., LOCKWOOD, V. C. J., and McFARLAND and HAYS, JJ., concur.