[Crim. No. 3625.   Fourth Dist., Div. Two.   June 25, 1969.]

In re LUIS REYES SOLIS on Habeas Corpus.

Cecil Hicks, District Attorney, Michael R. Capizzi and Oretta D. Sears, Deputy District Attorneys, for Appellant.

Frank L. Williams, Jr., Public Defender, and James R. Goff, Deputy Public Defender, for Respondent.

McCABE, P. J.—Having entered a plea of guilty to a charged violation of Health and Safety Code, section 11531, the imposition of sentence was suspended and on May 16, defendant was placed on probation with one of the conditions being that he be confined in the county jail for a period of six months. On November 1, upon the receipt of a violation of probation report from the probation officer, the court set a hearing date for November 14. At the hearing defendant was represented by his counsel and had a copy of the probation officer's report. Testimony was received, including testimony of defendant, regarding the acts and conduct of defendant from May 16 to the date of the hearing. During this period of time, defendant had been at a minimum security industrial farm facility. The trial judge found defendant in violation of his probation terms and conditions, revoked probation, then entered an order reinstating defendant on probation with at least one condition not in the previous order granting probation, i.e., defendant Solis was to serve an additional 60 days in the county jail.

Defendant filed a petition for a writ of habeas corpus which was set down for hearing before a different judge than the one who revoked his probation. At the hearing, defendant contended: (1) he was not informed in advance of the charges against him; (2) his violations of rules of the jail did not constitute a violation of the terms of probation; and (3) the

judge who revoked his probation did not have a right to have an ex parte conference with the probation officer at which time he read a letter from the manager of the industrial farm facility; therefore, the trial judge abused his discretion finding him in violation and revoking his probation. The trial judge, hearing the petition for the writ, agreed with defendant's contentions and issued the writ of habeas corpus. In the issuing order, the trial judge having been informed an appeal would be sought, ordered the defendant released from the county jail and set bail with penalty assessment. This appeal by the People followed the entry of the issuance of the writ.

On this appeal, the People's contentions are in direct opposition to those contended for by defendant at the hearing, and amount to a claim that the trial judge who issued the writ of habeas corpus and released the defendant abused his discretion.

At the revocation of probation hearing the trial judge had before him the May 16 probation officer's report and the letter from the farm manager, a report from the probation officer, testimony of the farm manager and defendant. From the testimony and documents before the trial judge, there was evidence that defendant had on numerous occasions violated the rules and regulations of the jail. It was defendant's position that his violations were not in any way related to his probation.

In total effect the ruling of the trial judge who granted the petition for a writ of habeas corpus was that the trial judge who revoked probation and then reinstated defendant on probation abused his discretion and acted arbitrarily and capriciously.

The People on this appeal contend the judge who issued the writ of habeas corpus abused his discretion.

It has been held that an appeal lies from an order revoking and modifying the terms of probation. (*In re Bine,* 47 Cal.2d 814, 817 [306 P.2d 445].) Thus, Mr. Solis' proper remedy would have been an appeal from the November 14 order entered by the judge who revoked and then reinstated probation. ▮ Habeas corpus should not issue where appeal constitutes a plain, adequate and speedy remedy. Further, the People contend since appeal was available to Mr. Solis, the trial judge who issued the writ abused his discretion by considering Mr. Solis' contentions in a petition for a writ of habeas corpus.

▮ Habeas corpus is available to a petitioner in cases

348

where appeal represents an alternative method of obtaining review, but does not constitute a plain, speedy and adequate remedy. (*In re Osslo*, 51 Cal.2d 371 [334 P.2d 1] ; see Witkin, Cal. Criminal Procedure (1963) § 797, p. 770.) ██ Wide discretion is vested in the issuing court to determine whether appeal is an adequate remedy in the particular case before it. The exercise of this discretion will not be upset absent a clear showing that the lower court abused it, i.e., that under no legally permissible construction of the facts could the lower court have found appeal to be an inadequate remedy. In the instant case, Mr. Solis was due to commence serving the additional 60 days jail time imposed by the court on November 14 almost immediately following that hearing. Were Mr. Solis compelled to seek his remedy by appeal, he would have long since completed his 60 days jail term before the case could come up for consideration. Habeas corpus constitutes the only means by which Solis might obtain review of the November 14 order prior to its execution. ██ Habeas corpus is available where recourse to normal appellate review will not avail respondent relief in time to avoid serving his sentence. (*In re Newbern*, 53 Cal.2d 786, 790 [3 Cal.Rptr. 364, 350 P.2d 116] ; *In re Sweet*, 113 Cal.App.2d 413, 414 [248 P.2d 94].)

The trial judge who issued the writ of habeas corpus thus used the procedure as an ultra-extraordinary writ to hear and determine the matter before the expiration of the newly invoked term in jail, thereby avoiding a delay on an appeal from the order revoking probation.

The People now propose there was an implication that the rules and regulations of the jail would have to be obeyed by defendant and hence a violation of the rules and regulations amounted to a violation of the probation. We need not take this approach to reach a resolution of the problem.

██ "Probation is an act of clemency and may be withdrawn if the privilege is abused. An abuse of privilege is shown where a defendant practices a deception upon the court at the time probation is granted [citation] or violates any of the terms or conditions of probation. (Pen. Code, § 1203.2.) In such case the court is specifically authorized to modify and change any and all of the terms and conditions of probation. (Pen. Code, § 1203.1.) ██ While it has a wide discretion in imposing or modifying the terms of probation, it may not act arbitrarily or capriciously. [Citations.] Its determination must be based upon the facts before it." (*In re Bine, supra*, 47 Cal.2d 814, 817; see also *People* v. *Hainline*, 219 Cal. 532 [28 P.2d 16].)

■ It is undisputed that jail detention may be ordered as a condition of probation and when so ordered is not regarded as punishment but as a part of the whole supervised program of rehabilitation. (*Petersen* v. *Dunbar*, 355 F.2d 800, 802.)

■ Having legally been ordered to the county jail as a condition of probation, it is manifest that his acts and conduct while there are under a supervised program aimed at rehabilitation. No probationer may expect that since he has been ordered to a county jail, a dark impenetrable curtain is drawn which would allow him to conduct himself as he desired. His acts and conduct in such a facility, although more closely observable, are as much to be evaluated as acts and conduct, absent jail restraint, during the probation period. "The activities of a probationer are thus subject to more careful official scrutiny than those of other citizens." (*People* v. *Perez*, 243 Cal.App.2d 528, 532 [52 Cal.Rptr. 514].)

Defendant insists the provisions of Penal Code, section 1203.2, limit the trial court's discretion to the provisions therein set forth to violation ". . . any of the conditions of his probation, or engaging in criminal practices, or has become abandoned to improper associates or a vicious life." This is not the law. In *People* v. *Delles*, 69 Cal.2d 906, 911 [73 Cal.Rptr. 389, 447 P.2d 629], the Supreme Court of California stated: "Of course it was implicit in defendant's plea bargain that the court would be free to revoke probation on the basis of defendant's conduct during the probationary period.[2]" Footnote 2 specifically refers to the quoted conditions of section 1203.2, Penal Code, and adds: ". . . or has done something else to indicate he is no longer fit to remain at large. (*People* v. *Martin, supra,* 58 Cal.App.2d 677, 682-683 [137 P.2d 468].)"

In the *Martin* case, the conduct and acts of defendant upon which the trial court revoked probation were not specifically delineated in the order granting probation. Nevertheless, the court held the acts and conduct of defendant demonstrated she had failed to reestablish herself as a worthy citizen and was unfit to be at large. ■ In his concurring opinion, Mr. Justice White succinctly stated: "It is within the sound discretion of the court to revoke probation whenever the conduct of the probationer indicates that he has failed to reestablish himself as a worthy citizen of the state, or has demonstrated by his conduct that he is unfit to be at large,

and that his continued freedom will impair, menace or jeopardize the peace or morals of society. [Citations.]''

.Defendant's contention that the revocation of his probation denied him due process of law because the judge held an ex parte conference with the probation officer wherein a letter from the farm manager was read has no substance. Also, there is no merit to defendant's concomitant contention that he was not furnished with a copy of the letter or the probation officer's report before the revocation hearing was held.

■ There is neither a constitutional nor statutory right to a hearing preceding the revocation of probation. (Pen. Code, § 1203.1; *In re Bine, supra,* 47 Cal.2d 814; *People* v. *Wilson,* 208 Cal.App.2d 256, 258 [25 Cal.Rptr. 97].) If a hearing is held, it is not governed, by the rules governing formal criminal trials. There is no right to prior notice of the hearing, to present witnesses, or have counsel. (*In re Levi,* 39 Cal.2d 41, 44 [244 P.2d 403]; *In re Davis,* 37 Cal.2d 872 [236 P.2d 579]; *People* v. *Jones,* 263 Cal.App.2d 818, 821-822 [70 Cal.Rptr. 13]; *People* v. *Clements,* 202 Cal.App.2d 284, 287 [20 Cal. Rptr. 766].) ■ This being the state of the law, there was no violation of any constitutional rights of defendant in not providing him, in advance of the hearing, with a copy of the farm manager's letter or the probation officer's report. Under the provisions of Penal Code, section 1203.2, the trial court may revoke or modify probation ''. . . if the interests of justice so require, and if the court in its judgment, shall have reason to believe from the report of the probation officer, or otherwise, that a person so placed upon probation is violating any of the conditions of his probation. . . .'' ■ Section 1204, Penal Code, explicitly sanctions the informal procedures of probation revocation established by section 1203.2, Penal Code, *supra.* The requirements of section 1204, Penal Code, do not apply to probation revocation. (*People* v. *Clements, supra,* 202 Cal.App.2d 284.)

■ It is true the discretion granted to the court in such matters is not arbitrary or capricious, or a mental discretion to be exercised *ex gratia,* but an impartial legal discretion guided by principles to be exercised in conformity with the spirit of the law to subserve the ends of substantial justice. (*In re Cook,* 67 Cal.App.2d 20, 25 [153 P.2d 578].) ■ However, the .trial judge who revoked defendant's probation had before him substantial evidence, not only from the testimony at the hearing, but also from defendant's file and records which indicated that defendant had failed to rehabili-

tate himself or demonstrate by his conduct that he should be released into society. On the contrary, the evidence reflected that he had not disciplined himself sufficiently to carry out the remaining terms and conditions of his probation. Thus, there was no abuse of discretion on the part of the judge who revoked probation and his order was not arrived at arbitrarily or capriciously.

The order issuing the writ of habeas corpus is reversed. The court is directed to reinstate the probation pronounced on November 14. The defendant is to be remanded into the custody of the sheriff.

Kerrigan, J., and Tamura, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied August 20, 1969.