467 P.2d 743

**STATE of Arizona, Appellee,**

v.

**Richard Harold DAVIS, Appellant.**

**No. 1962.**

Supreme Court of Arizona,
In Division.

April 7, 1970.

Rehearing Denied May 5, 1970.

Ross P. Lee, Public Defender, Vernon B. Croaff, Former Public Defender, Anne Kappes, Donald A. Francone, Louis L. Zussman, Deputy Public Defenders, for appellant.

Gary K. Nelson, Atty. Gen., by Carl Waag, Sp. Asst. Atty. Gen., for appellee.

McFARLAND, Justice:

Richard Harold Davis, hereinafter referred to as defendant, was charged in Count I with kidnapping, and Count II with the crime of robbery, with prior conviction. In both counts he entered pleas of guilty. From the judgment and sentence of the court he appeals.

Defendant was first charged in justice court in three counts—Count I, kidnapping; Count II, robbery, with prior conviction; and Count III, assault with intent to commit murder. On the date set for the preliminary hearing, he appeared with his attorney, Louis L. Zussman. His counsel, in open court, questioned the defendant of his understanding of the counts against him, also the result of waiving a preliminary hearing, after which the defendant waived his preliminary hearing as to Counts I and II, it being understood that Count III would be dismissed, which was done on the motion of the deputy county attorney.

The defendant was bound over to the Superior Court and an information filed charging him with the crime of kidnapping with prior conviction, Count I, and robbery with prior conviction, Count II—alleged to have occurred on the 22d day of January 1968.

The defendant appeared in court on the 1st day of July 1968, and was represented by Donald A. Francone, Deputy Public Defender for Maricopa County, at which time defendant's attorney announced that he had explained to defendant the penalties for each of the charges and that the county attorney had agreed to dismiss the prior-conviction charge, which was subsequently done, on a motion by the deputy county attorney at the time of the sentencing. The court then questioned defendant personally, and in detail, after which the plea of not guilty was permitted to be withdrawn, and defendant entered his plea of guilty to both Counts I and II.

The defendant, on the 3d day of September, appeared in court represented by Louis L. Zussman, Deputy Public Defender, and was sentenced as shown by the minute entry of the court for that date, as follows:

"It is the judgment of the Court that Richard Harold Davis is guilty of Count I, Kidnapping, a Felony; and therefore, It is Ordered that Richard Harold Davis be confined in the Arizona State Prison for not less than nine (9) nor more than ten (10) years, from January 22, 1968.

"It is the further judgment of the Court that Richard Harold Davis is guilty of count II, Robbery a Felony; and therefore, It is Ordered that Richard Harold Davis be confined in the Arizona State Prison for not less than fifty (50) nor more than sixty (60) years, from January 22, 1968; Deft. to be returned to the Maricopa County Hospital approximately one year from date hereof to have the surgical pin removed from his arm; sentence on Count II to run consecutively and not concurrently with sentence in Count II.

"Mr. Gerst moves the Court to dismiss the allegation of the prior conviction.

"It is Ordered granting the State's motion to dismiss Count II."

On September 9, 1968, the court entered a subsequent minute entry, as follows:

"It is Ordered correcting minute entry of Sept. 3, 1968 to show that sentence run consecutively and not concurrently with sentence on Count I instead of Count II.

"It is further Ordered striking the order dismissing Count II, and entering the following order instead:

"It is Ordered granting the State's motion to dismiss the allegation of prior conviction."

at which time the minute entry shows the presence of counsel for the State and the defendant but not that defendant was present. On the 11th day of September 1968 there was filed in the clerk's office of the court the signed judgment and commitment which stated that on the 3d day of September 1968 the thereafter-named de-

fendant personally appeared before the court with his attorney, Louis L. Zussmann, Deputy Public Defender. The judgment and sentence, omitting the formal parts, read as follows:

"AS TO COUNT I—KIDNAPPING—a felony

IT IS ORDERED that Richard Harold Davis be confined in the Arizona State Prison for not less than Nine (9) nor more than Ten (10) years from January 22, 1968

"AS TO COUNT II—ROBBERY, A Felony:

"IT IS THE FURTHER ORDER that Richard Harold Davis be confined in the Arizona State Prison for not less than Fifty (50) nor more than SIXTY (60) years, from January 22, 1968; Defendant to be returned to the Maricopa County Hospital approximately One (1) year from date hereof to have the surgical pin removed from his arm; sentence on Count II to run consecutively and not concurrently with sentence on Count I.

"IT IS ORDERED granting the State's Motion to dismiss the allegations of prior conviction as to Count II."

On appeal, opening and reply briefs were filed by the Public Defender's Office. Thereafter the defendant requested and was granted permission to file a supplemental brief in propria persona, and, subsequently, an amended supplemental brief. In addition to the questions presented in the public defender's brief, the defendant raises questions in regard to the sufficiency of the complaint, as to probable cause, as to whether he was denied the right to a preliminary examination through deceit and coercion, as to the voluntariness of his plea, and also as to the effective representation by counsel. After the briefs were filed and the case submitted, defendant filed a motion to suspend his appeal and grant him leave to file a motion to vacate judgment on the grounds that his "plea of guilty was the product of deceit, coercion, duress and ineffective assistance of counsel; pursuant to a falsely charged criminal complaint, a biased and malicious warrant of arrest, denial of preliminary examination (through a coerced waiver)," and an "incorrect and falsely sworn committment [sic] * * *; also (b) * * * plea of guilty was given through ignorance" of the waiver of some of his rights. All of these were matters which he had argued in his propria persona briefs.

The record clearly shows that these contentions are not substantiated. At the preliminary hearing the deputy public defender was careful to explain to him in open court the results of waiving a preliminary hearing. The record also shows that he was 31 years of age at the time, with an educational background of three years in high school and two years of bookkeeping and accounting. Rule 17, Rules Crim. Proc., 17 A.R.S., provides that a defendant may waive a preliminary examination. State v. Graninger, 96 Ariz. 172, 393 P.2d 266; State v. Smith, 62 Ariz. 145, 155 P.2d 622.

The instant case falls within "plea bargaining" which we have approved where a proper determination is made by the court that the plea was made voluntarily at the time the plea was changed. The record in the instant case shows that the court followed the procedure which we held is required for the protection of a defendant's rights in changing a plea. State v. Jennings, 104 Ariz. 3, 448 P.2d 59. The procedure followed by the trial judge also meets the requirements as set forth in McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418, and Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. The record shows that at the time the pleas of guilty were made the defendant appeared in court represented by counsel who stated that he had talked with the defendant, and that it was the defendant's desire to change his plea and enter a plea of guilty to both counts (I and II), and then counsel asked the defendant the question in open court if that were correct, to which defendant answered in the affirmative. The court then asked defendant if he were acquainted with the length of

sentence that could be imposed upon him on his pleas of guilty, first, on the kidnapping charge. Defendant replied that he was. The court then asked him how many years, to which defendant replied "between one and ten years." The court then asked him the same questions in regard to the robbery charges—Count II—and defendant replied "five years to life." The court then further asked defendant in regard to the voluntariness of his plea as follows:

"THE COURT: Has anyone offered or promised you any leniency or anything of that nature by reason of your entry of the plea of guilty?

"MR. DAVIS: No, sir.

"THE COURT: Do you have other charges pending against you by any chance?

"MR. DAVIS: In this County?

"THE COURT: Yes.

"MR. DAVIS: No, sir. I have charges pending elsewhere, but not in this County.

"THE COURT: In another State, is that correct?

"MR. DAVIS: In Gila County and Illinois and Wisconsin and various Federal jurisdictions, also.

"THE COURT: Have there been any promises as to the disposition of these other charges if you would enter a plea of guilty to these charges?

"MR. DAVIS: No, sir. I know nothing whatsoever about the other charges.

"THE COURT: What is your educational background?

"MR. DAVIS: Eleven years and two years bookkeeping and accounting.

"THE COURT: What is your age at the present time?

"MR. DAVIS: Thirty-one.

"THE COURT: Then you are aware that on acceptance of your plea, your matter will be investigated by the Adult Probation Officer, he will make his report to the Court and, based upon that report, the way the Court views the of-

fenses charged, then you might be sentenced to the penitentiary for the remainder of your life. You understand that?

"MR. DAVIS: Yes, sir, I understand that.

"THE COURT: Knowing all these things, it is still your desire to enter a plea of guilty, is that correct?

"MR. DAVIS: Yes, sir.

"THE COURT: Then the Court finds the withdrawal of the not guilty pleas and entry of the guilty pleas to Count I, kidnapping, and Count 2, robbery, are intelligently and voluntarily made.

"It is ordered granting motion of defendant to withdraw plea of not guilty heretofore entered and enter a plea of guilty to Count 1, kidnapping, and Count 2, robbery, both being felonies."

McCarthy v. United States, supra, specifically held that under the federal rules the court must not accept a guilty plea without first addressing defendant personally and determining that the plea is made voluntarily and with the understanding of the nature of the charges, and that there was factual basis for the plea. The requirements set forth by this Court in State v. Jennings, supra, were similar. The court in the instant case fully complied with these requirements.

Nor does the record support the contention of the defendant that his waiver of the preliminary hearing and his plea were made in ignorance. Counsel explained to him in open court the results of his waiver of preliminary hearing. Nor does the record substantiate his statement "Said plea of guilty was given through ignorance." His own answers to questions—particularly wherein he answered as to the length of sentence that could be imposed upon him shows that he was not ignorant of the charges or the consequences of his plea. His contention of ineffective assistance of counsel is likewise not supported by the record. The record shows counsel were careful in advising defendant of his rights, and that his actions were all volun-

tary, and with full understanding of the consequences of the plea. To support such a contention the representation of counsel must have been such that it was "so incompetent or inefficient as to make the trial a farce or a mockery of justice." Bouchard v. United States, 344 F.2d 872 (9th Cir.); State v. Kruchten, 101 Ariz. 186, 417 P.2d 510, cert. den. 385 U.S. 1043, 87 S.Ct. 784, 17 L.Ed.2d 687.

Hence, the contentions, including that in regard to voluntariness of his plea, presented by defendant in his propria persona brief and those contained in his motion are not supported by the record. The constitutional rights of defendant were fully complied with, including able representation by counsel.

■ The remaining questions presented in the briefs are those relating to the sentence. Under both Count I and Count II, the sentence began January 22, 1968. Count I is for not less than nine and not more than ten years. Count II is for not less than fifty years nor more than sixty years from the same date, with the further provision on Count II, as stated in the minutes of September 3, 1968, that the sentence was "to run consecutively and not concurrently with sentence on Count I." The minute entry on September 9, 1968, corrected the minute entry of September 3, 1968, as set forth herein. The changes conform to the written judgment and commitment filed on September 11, 1968. The questions presented relate to the changes made in the minute entry. We have held that a judgment is valid when orally pronounced by the court and entered in the minutes. State v. Dowthard, 92 Ariz. 44, 373 P.2d 357, cert. den. 372 U.S. 920, 83 S. Ct. 735, 9 L.Ed.2d 726; Moore v. State, 55 Ariz. 43, 97 P.2d 925; Anderson v. State, 54 Ariz. 387, 96 P.2d 281, 126 A.L.R. 501.

■ It is contended by the public defender that the court may not modify a sentence in the absence of a defendant. We have held that where a defendant has counsel who is absent when sentence is pronounced it invalidates the sentence.

Lee v. State, 99 Ariz. 269, 408 P.2d 408. Certainly if a counsel is necessary in the pronouncement of sentence, it is just as important for a defendant to be present when a sentence is pronounced. He should have an opportunity to give any reason why he feels the sentence should not be pronounced against him and why he should have leniency in his sentence. Rule 235, Rules of Crim.Proc., A.R.S.; Williamson v. United States, 265 F.2d 236 (5th Cir.).

■■ We have held that a mere irregularity which does not affect substantial rights of a defendant is not grounds for setting a sentence aside. In State ex rel. Jones v. Superior Court, 78 Ariz. 367, 280 P.2d 691, we held that while a minute entry bearing the date of August 23 showing a transaction that was recorded as occurring on August 22 was a mere irregularity not affecting the substantial rights of the petitioner. On the other hand, the rule of law governing the modification of a judgment which affects the substantial rights of a defendant requires his presence. In Williamson, supra, the court said:

"* * * Where a person convicted of a criminal offense or offenses is to be resentenced, as was the case here, the presence of the defendant is as necessary as it was at the time of the original sentence. Price v. Zerbst, D.C.N.D.Ga. 1920, 268 F. 72; Crowe v. United States, 6 Cir., 1952, 200 F.2d 526; Cook v. United States, 1 Cir., 1948, 171 F.2d 567, certiorari denied 336 U.S. 926, 69 S.Ct. 647, 93 L.Ed. 1088; Rule 43, Fed.Rules Crim.Proc., 18 U.S.C.A. No valid sentence has yet been imposed on Williamson. The prior judgment, and orders with respect thereto not heretofore vacated, should be vacated and Williamson should be brought before the district court and a sentence given upon the jury verdict as might originally have been given, within the twenty-year maximum. So that this may be done the cause is

"Reversed and remanded."

The correction of a mere form or typographical error, omission, or mistake which

may be shown to be mistakes by the entry itself is different from that which requires the setting aside of a sentence and the pronouncement of a new sentence. In Aeby v. State, 199 Kan. 123, 427 P.2d 453, the court said that the lower court, in failing to apply the "habitual-criminal act" in sentencing a defendant on two counts of burglary in the third degree was improper and rendered the sentence imposed invalid. The appeals court said:

"Under such circumstances appellant should have been personally present. Since he was not, the sentences are void. In Roberts v. State, 197 Kan. 687, 421 P.2d 48, involving a similar factual situation, this court construed K.S.A. 62-1507 relating to personal presence of a defendant and said:

" 'In a criminal prosecution where an erroneous original sentence of imprisonment has been vacated and set aside, a new sentence of imprisonment imposed in the defendant's absence is void, for, under such circumstances, it is mandatory that the defendant be personally present in court at the time of resentencing.' "

In People v. Reimringer, 116 Cal.App.2d 332, 253 P.2d 756, the court said:

"Appellants contend that the first formulation makes counts 2, 3 and 4 run concurrently, In re Sweet, 113 Cal.App.2d 413, 248 P.2d 94, whereas the new formulation makes them run consecutively. Such modifying of a judgment as to a felony cannot take place without the defendant being present * * *."

■ It is plain that the minute entry of September 9, 1968, was a modification of the sentence which affected the substantial rights of the defendant, inasmuch as it purported to make the sentence on Count II consecutive with Count I. His presence was required in such a modification. The sentence in Count II provides that the defendant shall

"be confined in the Arizona State Prison for not less than Fifty (50) nor more than SIXTY (60) years, from January 22, 1968; * * * Sentence on Count II to run consecutively and not concurrently with sentence on Count I."

However, the commencement date in Count I is also January 22, 1968, so the sentence on Count II is ambiguous in that it cannot commence on January 22, 1968, and run consecutively and not concurrently with Count I. The court should have designated that it would be consecutive with Count I, or concurrent with Count I. This determination cannot be made from the original minute entry. Therefore, it is invalid, and must be aside.

■ The defendant next contends that the sentence involving a period of fifty to sixty years for robbery is out of proportion to the term of imprisonment customarily and usually imposed for the offense of robbery, and for this reason should run concurrently with that of Count I. In sentencing we have held that the trial court has a wide discretion, and that we will uphold sentence if it is within statutory limits, unless there is a clear abuse of discretion. State v. Horton, 101 Ariz. 229, 418 P.2d 385; State v. Bradley, 99 Ariz. 328, 409 P.2d 35. This is a question that will have to be determined by the trial court in the resentencing of the defendant.

Judgment and sentence on Count I is affirmed, and the sentence on Count II is set aside, and defendant is hereby ordered remanded for the purpose of re-sentencing on Count II.

STRUCKMEYER, V. C. J., and HAYS, J., concur.