468 P.2d 379

**STATE of Arizona, Appellee,**

v.

**Clarence FARLEY, Appellant.**

**No. 2042.**

Supreme Court of Arizona,
In Banc.
April 28, 1970.

Gary K. Nelson, Atty. Gen., for appellee.

David H. Palmer, Prescott, for appellant.

Clarence Farley pro se.

## McFARLAND, Justice:

Clarence Farley—hereinafter referred to as defendant—was charged with the crime of burglary of the first degree in Count I; and Count II, burglary in the second degree. On the 11th day of April 1969 he entered his plea of guilty of burglary in the second degree, and was sentenced to serve not less than three years nor more than five years at the Arizona State Penitentiary, to begin with his original incarceration April 2, 1969.

From the judgment and sentence of the court he appeals.

Counsel was appointed to represent defendant on appeal. Counsel advised this Court that he had thoroughly read the file in the matter; had consulted with defendant's wife and by mail with defendant; had interviewed deputies of the Sheriff's office and the probation officer, the county attorney and the deputy county attorney; had examined the reporter's transcript; and that he had made a search of the law—particularly of Arizona cases pertaining to appeals initiated in propria personam. From these investigations counsel represented to the Court that he was "unable to find grounds on which an appeal could be based," and stated his reasons therefor, together with the points raised by defendant. A copy of the statement was sent to defendant, and the defendant—on advice of counsel—presented his contentions pro se. Counsel for defendant thereafter filed his supplemental statement referring to the pertinent parts of the record which might arguably support the appeal, in compliance with Anders v. State of California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, reh. den. 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377, as follows:

"1. That Defendant did not enter his plea voluntarily, because he did not fully understand his rights; and

"2. That the sentence imposed was excessive."

The record shows that, as pointed out by counsel, defendant appeared in court, and that he was fully advised of his rights to have an attorney. The transcript shows that he told the court that he would represent himself. The only question that he raised after his plea was that of leniency.

The "arguable" points are not well-founded. The record indicates that defendant was conducting his own "plea bargaining." We have therefore examined the record as to whether the court followed the procedure required for the protection of a defendant's rights in "plea bargaining." State v. Davis, 105 Ariz. 498, 467 P.2d 743; State v. Carpenter, 105 Ariz. 504, 467 P.2d 749; State v. Jennings, 104 Ariz. 3, 448 P.2d 59. The record shows that the court fully informed the defendant of his rights. He was first informed that he was charged with a serious crime—that of burglary of the first degree in Count I, and burglary of the second degree in Count II. The court then read § 13-302, A.R.S., as amended, which defines burglary in the first degree and burglary in the second

degree, and sets forth the punishment for each.

Defendant was charged with prior convictions on each of the two counts. At this stage of the proceedings the county attorney moved to dismiss the first prior conviction. Defendant then was asked if he were ready to proceed without counsel, realizing the seriousness of the felony, and that he had been charged with a prior conviction. He was arraigned on the first count, and entered a plea of not guilty. On the second count he entered a plea of guilty. Thereafter, the court questioned him in regard to his plea on the prior conviction on the second count. The defendant was asked whether he had admitted the prior conviction alleged to have occurred on about the 14th day of May 1965. Defendant asked at what location the crime was alleged to have been committed, and the court stated:

"Very good question. The allegation should set forth where the conviction was. I can't answer that."

Thereupon, defendant entered a plea of not guilty to the prior conviction, stating "because in 1965, I was in the Oklahoma State Penitentiary." At this time the county attorney moved to dismiss the second prior and Count I, which motion was granted by the court. The defendant then requested that the court pronounce sentence at that time. The court advised defendant that it appreciated that he wanted sentence pronounced at that time, but it was against the policy of the court to pronounce sentence until a pre-sentencing report was filed. April 11 at 9:00 a. m. was set as the date for pronouncing the sentence, at which time the defendant made his statement asking for leniency. Defendant stated that he realized the seriousness of the charge; that he readily admitted his guilt to the crime; that the taking of the things was a bad thing to do because he had two hundred dollars in his pocket; and that he realized there was no excuse for his actions; and that it must be that he had a mental problem and wanted to get help. The court, after pronouncing sentence, properly advised the defendant of his right of appeal. The record shows the defendant entered his plea voluntarily and with a full understanding of the consequences of such plea after proper advice and explanation by the court.

In regard to leniency, this Court has held that the trial court has a wide discretion in the pronouncing of a sentence, and that it will uphold a sentence if it is within statutory limits, unless there is a clear abuse of discretion by the court. State v. Bible, 104 Ariz. 346, 452 P.2d 700.

The defendant, in propria personam, raises the additional question—namely, whether his constitutional rights were violated by his not being taken to the Arizona State Penitentiary after his sentencing of from three to five years, and states that instead he was released to the custody of Coconino County to face charges, and was there confined in jail instead of immediately being sent to the penitentiary. The court, in sentencing defendant, provided that the term of imprisonment "shall begin with the date of your original incarceration, April 2, 1969." This Court held, in State v. Rhodes, 104 Ariz. 451, 454 P.2d 993, that § 13–1652, A.R.S., permits the court to fix a date when sentence is to begin to run, and inasmuch as the statute does not state where the person is to be confined before delivery that a sentence could run concurrently with that of another state before delivery to the penitentiary. The sentence in the instant case began to run prior to delivery to the Arizona State Penitentiary. The court was within its rights in permitting defendant to be delivered to the proper authorities in Coconino County to answer for another crime. His sentence was running during all the time before delivery to the penitentiary. There were no rights violated by this delay in his delivery to the penitentiary.

Judgment affirmed.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and UDALL and HAYS, JJ., concur.