492 P.2d 1182

**STATE of Arizona, Appellee,**

v.

**Richard Harold DAVIS, Appellant.**

**No. 1962-2.**

Supreme Court of Arizona,
In Division.

Jan. 19, 1972.

Rehearing Denied Feb. 8, 1972.

Gary K. Nelson, Atty. Gen., Frank Sagarino, William P. Dixon, Asst. Attys. Gen., Phoenix, for appellee.

Gary L. Patten, Tempe, for appellant.

**76**

LOCKWOOD, Justice:

This is the second appeal by Richard Harold Davis. He was originally charged with the crimes of kidnapping, robbery and assault with intent to murder arising out of an incident which occurred on January 22, 1968. As a result of a plea bargain the crime of assault with intent to commit murder was dismissed. On the first appeal we affirmed the conviction, but ordered that he be resentenced on Count II, the robbery charge. State v. Davis, 105 Ariz. 498, 467 P.2d 743 (1970).

The opinion affirming the conviction and remanding the defendant for resentencing was issued in April of 1970, and on May 26, 1970 the defendant appeared before the trial judge who had originally sentenced him, for resentence as directed by this Court. On the latter date the public defender, representing defendant, moved to withdraw the guilty plea on Count II. The trial court denied the motion on the basis that all of the reasons presented for the withdrawal of the plea had been presented to and ruled on by this Court in the original appeal, and that the only matter remaining before the trial court was the resentencing on Count II as ordered by this Court.

In the record of the resentencing proceedings the lower court stated:

"Then, he filed a motion to vacate on the grounds that his guilt was a product of deceit, coercion and duress and that his plea of guilty was given through ignorance and these matters have been considered by the Supreme Court. * * * I think the matter has been noted and passed on by the Supreme Court. I think its res judicata."

We hold that the trial court was correct in concluding that reasons given for the motion for change of plea at the resentencing hearing were res judicata.

The trial court may not overrule or review a decision of this Court dealing with questions of fact or law. See State v. Superior Court of Pinal County, 22 Ariz. 452, 197 P. 537 (1921). It may only follow the mandate of this Court, as it did here.

The trial court did resentence defendant on Count II, reducing the original sentence (fifty to sixty years) to forty to fifty years, to run concurrently with the sentence previously imposed on Count I. The court also ruled that the defendant was entitled to all statutory time credits he had already acquired dating from January 22, 1968, the date of the original sentencing. The court further advised the defendant of his right to appeal from the resentencing.

The defendant also urges that the court during resentencing omitted asking him if there was any reason why his sentence should not be pronounced as is required by Arizona Rule of Criminal Procedure 330,[1] 17 A.R.S., and therefore the cause should again be remanded for resentencing. We do not agree. Rule 330 must be read in combination with Arizona Rule of Criminal Procedure 332[2] which delineates precisely what causes may be alleged by the defendant for not pronouncing sentence. Defendant does not claim that any of these causes exist.

The defendant disputes one final point. He claims that this Court in the prior appeal of this case declared the minute entry of September 9, 1968, invalid. This was the minute entry which attempted to correct the previous entry dated Septem-

1. Ariz.R.Crim.P. 330: "If the defendant is present when sentence is pronounced, the court shall inform the defendant of the accusation against him and of the judgment and shall ask him whether he can show any cause why sentence should not be pronounced."

2. Ariz.R.Crim.P. 332: "The person before the court for sentencing may allege and show cause why sentence should not be pronounced, only:
  1. That he has become insane since the verdict was rendered.
  2. That he is not the person against whom the verdict or judgment was rendered.
  3. If the defendant is a woman and the sentence of death is to be pronounced, that she is pregnant."

ber 3, 1968, incorrectly ordering a dismissal of Count II. The defendant argues that because the September 9th entry was declared invalid by this Court the September 3rd entry was the only valid entry remaining. Because the September 3rd entry dismissed the robbery count he argues that there was no valid count in existence for which resentencing could be ordered.

We cannot accept such a mechanical interpretation of the minute entries in this case. Because this Court in the prior appeal specifically ordered the case remanded for the purpose of resentencing on the robbery count, it cannot be concluded that we meant to reaffirm the prior entry which dismissed the robbery count. The purpose of the previous opinion was to declare invalid the sentencing on the robbery count which took place outside the presence of the defendant. That portion of the minute entry which corrected the prior entry regarding dismissal of Count II was not nullified.

Affirmed.

HAYS, C. J., and STRUCKMEYER, J., concur.