499 P.2d 731

**STATE of Arizona, Appellee,**

v.

**Jim W. TIDWELL, Appellant.**

**No. I CA–CR 384.**

Court of Appeals of Arizona,
Division 1.

Aug. 1, 1972.

Gary K. Nelson, Atty. Gen., by William P. Dixon, Asst. Atty. Gen., Phoenix, for appellee.

Jim W. Tidwell, in pro. per.

HATHAWAY, Judge.

Appellant, Jim W. Tidwell, represented by appointed counsel, plead guilty to obtaining money or property by bogus check in violation of A.R.S. § 13–311, a felony. He was sentenced to the state prison for a term of not less than four nor more than five years.

Appellant, *in propria persona*, has perfected an appeal to this court and the sole question on appeal is whether the sentence was excessive under the circumstances.

The record on appeal contained no evidence whatsoever of the basis for the imposition of sentence, thus making it impossible to properly evaluate the sentence. The record was ordered supplemented and a copy of the pre-sentence report was forwarded.

The record discloses that defendant has a history of bad check violations dating from 1955 to the present in a number of different states. Where a sentence is within the permissible statutory limits, it will not be modified or reduced on appeal unless it clearly appears excessive under the circumstances. State v. Leon, 104 Ariz. 297, 451 P.2d 878 (1969); State v. Bible, 104 Ariz. 346, 452 P.2d 700 (1969); State v. Fierro, 101 Ariz. 118, 416 P.2d 551 (1966).

In the case at bench, the court imposed a sentence within the statutory limits provided by A.R.S. § 13–311, and in light of the defendant's history of bad check convictions there is no showing that the sentence was excessive nor that the trial court abused its discretion.

The judgment is affirmed.

KRUCKER, C. J., and HOWARD, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.