659 P.2d 1286

STATE of Arizona, Appellee,

v.

Charles Frank PYEATT, Jr., Appellant.

Nos. 1 CA–CR 5333, 1 CA–CR 5334 and 1 CA–CR 5337.

Court of Appeals of Arizona, Division 1, Department B.

Aug. 31, 1982.

Rehearing Granted Jan. 27, 1983.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Criminal Division, Robert S. Golden, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by James R. Hart, II, Deputy Public Defender, Phoenix, for appellant.

## OPINION

GRANT, Judge.

The only issue raised by this appeal is whether the defendant was improperly sentenced.

In March, 1981, Charles Frank Pyeatt, Jr., the defendant, was on probation in Maricopa County Cause Number CR–100181 for attempting to obtain narcotics by fraud, a felony, committed in violation of A.R.S. § 36–1017 [1] and in Maricopa County Cause Number CR–101138 for drawing a check on insufficient funds, a felony committed in violation of A.R.S. § 13–316(A).[2] New criminal charges were filed in Maricopa County Cause Number CR–118466 alleging that on January 24, 1981, Pyeatt attempted to obtain narcotic drugs by fraud or deceit and that on February 24, 1981, he obtained narcotic drugs by fraud or deceit. Petitions to revoke probation in the other two cases were also filed based on these new criminal charges.

A written "Waiver of Preliminary Hearing with Plea Agreement" was filed;

Pyeatt admitted the allegations of the revocation petitions and pled guilty to Count II of Cause Number CR–118466. The plea agreement provided:

> The defendant shall receive the presumptive sentence of 4 years in A.S.P. which shall run concurrent with defendant's sentences imposed in probation revocations presently pending.

On April 22, 1981, a combination disposition hearing and sentencing was held. In Cause Number CR–100181, probation was revoked and Pyeatt was sentenced to a term of 9 to 10 years imprisonment, with 349 days of presentence incarceration credit; in Cause Number CR–101138, probation was revoked and he was sentenced to a term of 5 years imprisonment, with 349 days credit; in Cause Number CR–118466, judgment of guilt was entered and he was sentenced to the presumptive term of 4 years imprisonment, with 48 days credit. The sentences in numbers CR–100181 and CR–101138 were ordered to run consecutively, while the sentence in CR–118466 was ordered to run concurrently with both of the other two sentences. At the oral pronouncement of sentence, the trial court did not indicate a starting date for any of the sentences, but the subsequent minute entry stated that all three sentences, individually, would "date from 4–22–81." [3]

On May 6, 1981, the trial court *nunc pro tunc* amended the minute entry of April 22, 1981. The amendment provided that the sentence in Cause Number CR–118466, 4 years imprisonment, would date from April 22, 1981; the sentence in Cause Number CR–101138 was changed from 5 years to an indeterminate term of 3 to 4 years imprisonment, to run concurrently with the sentence in Cause Number CR–118466; and

---

1. As amended Laws 1963, Ch. 59, § 1. Repealed by Laws 1979, Ch. 103, § 14, effective July 1, 1981. The offenses occurred on November 19, 1977.

2. As amended Laws 1958, Ch. 86, § 1, Laws 1960, Ch. 109, § 2; Laws 1966, Ch. 33, § 1; Laws 1969, Ch. 56, § 1. Repealed by Laws 1977, Ch. 142, § 9, effective October 1, 1978. The offenses occurred on November 22, 1977.

3. Each sentence was ordered to "date from 4–22–81", but No. CR–101138 was also ordered to run consecutive to No. CR–100181. Ordinarily this ambiguity itself would require a remand for clarification. *State v. Young,* 106 Ariz. 589, 480 P.2d 345 (1971).

the sentence in Cause Number CR–100181 of 9 to 10 years imprisonment was ordered to run consecutive to both the other two sentences.

We have jurisdiction of Pyeatt's appeal from the revocations of probation, the judgment of conviction, and the sentences. A.R.S. §§ 12–120.21(A)(1), 13–4031, 13–4033.

The defendant contends the sentences imposed were illegal for two reasons. First he argues that the sentence was in violation of the plea agreement, which provided that the presumptive sentence in Cause No. CR–118466 was to run concurrently with the "sentences" in the other two cases. Under both the April 22, 1981 sentence and the May 6, 1981 nunc pro tunc amendment of his sentence, term in No. CR–118466 was concurrent with only one of the two sentences, because the other two were ordered to run consecutively with each other. The state argues that when a sentence is concurrent with one of two consecutive sentences, it is "concurrent with those sentences" within the meaning of the plea agreement and this would be true whether the concurrency is ordered with the first or the second sentence to be served. Second, defendant argues that the subsequent *nunc pro tunc* sentencing procedure was illegal, in that defendant was denied his right to be present at the time of sentencing. The state responds that the amendment to the original minute entry was merely a correction, rather than a resentencing, and that the trial court had the authority to correct the minute entry to manifest its true intent at the time of sentencing. We agree with defendant that this matter must be remanded for sentencing.

■ We first note some general principles regarding the use of *nunc pro tunc* entries for sentencing purposes. The purpose of a *nunc pro tunc* order is to make the record reflect the intention of the parties or the court at the time the record was made, not to cause an order or judgment that was never previously made or rendered to be placed upon the record of the court. *State v. Johnson,* 113 Ariz. 506, 557 P.2d 1063 (1976). The object of such an entry is to correct the record to make it speak the truth and not to supply judicial action. *State v. Madrid,* 9 Ariz.App. 207, 450 P.2d 719 (1969) *cert denied* 396 U.S. 1016, 90 S.Ct. 581, 24 L.Ed.2d 508 (1969). *See* rule 24.4, Ariz.R.Crim.P., 17 A.R.S. regarding "clerical mistakes."

■ Next, rule 26.9, Ariz.R.Crim.P., 17 A.R.S. requires that a criminal defendant "shall be present at sentencing." [emphasis added] Of course, the right to be present at the pronouncement of sentence may be waived, if the waiver is knowing. *See State v. Cook,* 115 Ariz. 146, 564 P.2d 97 (App.1977) *supplemented* 118 Ariz. 154, 575 P.2d 353 (App.1978); *Johnson v. State ex rel. Eyman,* 4 Ariz.App. 336, 420 P.2d 298 (1966). It has been held that the modification of a judgment (one which purported to change the consecutive nature of sentences) which "affects substantial rights" of a defendant requires his presence or the modification is invalid. *State v. Davis,* 105 Ariz. 498, 467 P.2d 743 (1970) *appeal after remand* 108 Ariz. 75, 492 P.2d 1182 (1972).

■ Based on these principles we make the following determinations about the sentences in this case. With regard to the sentence in No. CR–101138, the definite term of five years was clearly illegal under the old code, because indeterminate sentences for crimes committed before October 1, 1978 were mandatory. *State v. Hays,* 109 Ariz. 123, 506 P.2d 254 (1973), *overruled* on other grounds, *State v. Lewis,* 109 Ariz. 466, 512 P.2d 9 (1973). An illegal sentence is no sentence at all. *State v. Ortiz,* 104 Ariz. 493, 455 P.2d 971 (1969). Thus appellant was not sentenced on April 22, 1981 in Cause No. CR–101138. Further, the indeterminate term imposed in his absence and without a waiver, by virtue of a *nunc pro tunc* minute entry, did not constitute a validly imposed sentence. Appellant must be resentenced in Cause No. CR–101138.

With regard to Cause No. CR–118466, the presumptive term was initially imposed to date from April 22, 1981, and it was not changed by the subsequent *nunc pro tunc* entry. That sentence is affirmed.

With regard to Cause No. CR–100181, it was initially ordered to run concurrent with the valid sentence in No. CR–118466, to date from April 22, 1981. The effect of the *nunc pro tunc* change was to make that nine to ten year term consecutive to the valid remaining sentence in No. CR–118466. This change, from a concurrent sentence to a consecutive one, clearly "affects substantial rights" of the appellant and must be set aside. *State v. Davis, supra.*

■ On remand, the trial court must determine whether the sentences in Cause Nos. CR–100181 and CR–101138 must run concurrently with each other or may be consecutive. It is clear from the plea agreement that the sentence in CR–118466 must be concurrent with those two sentences; however, there is no such restriction on the relationship of CR–100181 and CR–101138 to each other. We agree with appellant that once a trial court accepts the plea agreement, it has no authority, without consent of defendant, to render a sentence contrary to the agreement, and any such attempted sentence must be set aside at the behest of defendant. Rule 17.4(d) and (e), Ariz.R.Crim.P., 17 A.R.S.; *State v. Superior Court,* 125 Ariz. 575, 611 P.2d 928 (1980). However, we think this case presents an ambiguity to be resolved by interpreting the intentions of the parties underlying the plea agreement, the ambiguity being whether when a stipulation requires that sentence A run concurrently with sentences B and C, it is implied that B and C will be concurrent. A hearing may be required. If the parties' mutual intent can be determined, sentencing should proceed accordingly. However, if it appears that there was no "meeting of the minds" on this issue, the appellant should be given the opportunity to withdraw his plea.

The revocations of probation and the conviction are affirmed; the sentence in No. CR–118466 is affirmed; remanded for further proceedings consistent with this decision.

JACOBSON, J., and RICHARD M. DAVIS, J. pro tem., concur.

NOTE: The Honorable Richard M. Davis, a Judge pro tempore of a court of record, has been authorized to participate in this matter by the Chief Justice of the Arizona Supreme Court, pursuant to Arizona Const. art. VI, § 20.

On Motion For Rehearing

GRANT, Judge.

We have reconsidered this case in light of the motions for rehearing filed by both sides arguing that this court erred in affirming the sentence in No. CR–118466 and requesting that it be remanded for resentencing with the other two case numbers. We find that the final paragraph in the *nunc pro tunc* amendment to the trial court's minute entry of the sentencing contains an inherent ambiguity which we cannot resolve. Accordingly, it is ordered that all three sentences be vacated and the entire matter remanded for resentencing.

JACOBSON, J., and RICHARD M. DAVIS, J. pro tem., concur.

NOTE: The Honorable Richard M. Davis, a Judge *pro tempore* of a court of record, has been authorized to participate in this matter by the Chief Justice of the Arizona Supreme Court, pursuant to Arizona Const. art. VI, § 20.