[Crim. No. 13232. Second Dist., Div. One. Dec. 21, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. FRANK CHARLES NELSON, Defendant and Appellant.

Howard Meyerson for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Edward M. Belasco, Deputy Attorney General, for Plaintiff and Respondent.

LILLIE, J.—Defendant was convicted of possession of marijuana (§ 11530, Health & Saf. Code). On February 19, 1964, criminal proceedings were suspended and probation was granted for a period of three years upon certain terms and conditions, among them that defendant spend 30 days in the county jail and thereafter obey all laws, orders, rules and regulations of the probation department and the court. Sometime later defendant was convicted of operating a motor vehicle at a time when his driver's license was revoked. For this offense he was sentenced to serve 180 days in the county jail.

On May 17, 1966, the original narcotic case came before the court on a violation of probation; defendant failed to appear and probation was revoked and a bench warrant issued. Subsequently the matter of violation of probation was called and defendant and his counsel were present in court; a supplemental probation report was ordered and the probation

department asked to work out a lawful program. On June 13, 1966, the hearing on violation of probation was held. The judge stated he had read and considered all probation reports. After substantial argument by his counsel defendant was found to have violated the conditions of his probation; probation was revoked and he was sentenced to the state prison for the term prescribed by law. From this judgment defendant appeals.

Appellant contends that after revoking probation the trial judge failed to arraign him for judgment pursuant to section 1200, Penal Code, before pronouncing judgment. He says that had the judge asked him if he had any legal cause to show why judgment should not be pronounced, "it would appear from the record that [his] counsel could very well have informed the Court that there was legal cause, to wit, that [he] was then insane," and that such assertion "would have been . . . based upon factual considerations present in the case, which can be deduced from the colloquy between the Trial Court and defense counsel."

There is nothing in the colloquy between defense counsel and the judge, counsel's arguments, the probation reports, the record before us or the original superior court file from which it could be inferred that defendant was insane. In pleading that the court consider probationary type modification for defendant, counsel told the court that "a few years ago, he was involved in a motorcycle accident. Up to that time there had been—he had had no problem. As a result of the accident, he developed some form of epilepsy, and he has been required to take medication every [*sic*] since. He—there has been some brain damage. . . . I talked to his father and his father said he is progressing. The brain damage is healing." Counsel considered defendant's problem to be a physical one and stated that as long as he takes his medicine he can function and perform well and there is no possibility of a seizure; because of seizures he has had problems with his employment; his father recently purchased a lumber company and put defendant in charge "and he's functioning well, and he is improving, mentally and medically, as long as he takes his medication"; his problem "basically is a physical or a mental problem—*not really a mental problem*; it's a physical problem in the sense that he's had a brain injury." Counsel having claimed defendant's problem to be "not really a mental problem" but a physical one, the judge having believed the source of defendant's problem to be physiological and the

record having reflected nothing to the contrary, clearly there is no showing either that a claim of insanity was ever consideed by either defendant or his counsel, or of facts supporting such a claim.

■ ". . . while the requirement (Pen. Code, §§ 1200,[1] 1201) that the question be asked is substantial and a failure to ask it is fatal to the judgment if defendant has been deprived of counsel [citation], it is not fatal where defendant is present and represented by counsel and no prejudice appears [citations]." (*People* v. *Thomas*, 45 Cal.2d 433, 438 [290 P.2d 491].) Omission of the allocution is in itself not necessarily prejudicial (*In re Grayson*, 242 Cal.App.2d 110, 114 [51 Cal.Rptr. 145]) and "where the defendant is, as herein, represented by counsel the case will not be reversed in the absence of a showing of some prejudice." (*People* v. *Romero*, 244 Cal.App.2d 495, 506 [53 Cal.Rptr. 260].)

■ Here the case was called on the regular court calendar; at the hearing on violation of probation defendant was present with his counsel; defendant's counsel argued at length to the end that defendant be retained on probation; and counsel and defendant were fully aware of defendant's rights and what would occur if probation was revoked. Moreover, appellant has failed to establish any prejudice arising out of the absence of the allocution. While his counsel "could very well have informed the judge . . . that [he] was then insane," there is little possibility that he would have done so for such a claim was entirely unsupported by the record and he knew it. Neither defendant nor his counsel objected to the absence of the allocution at the time judgment was pronounced. (*People* v. *Thomas*, 45 Cal.2d 433, 438-439 [290 P.2d 491].)

■ Appellant's claim that the trial court abused its discretion in revoking probation and in not referring the matter to a diagnostic facility of the Department of Corrections pursuant to section 1203.03, Penal Code, is without substance.

■ ■ Probation is not a matter of right but an act of clemency, the granting and revocation of which are entirely within the sound discretion of the trial court (*In re Larsen*, 44 Cal.2d 642, 645 [283 P.2d 1043]) ; and there is no abuse of discretion in revocation where it appears from the record that

---

[1]Section 1200, Penal Code, provides: "When the defendant appears for judgment he must be informed by the court, or by the clerk, under its direction, of the nature of the charge against him and of his plea, and the verdict, if any thereon, and must be asked whether he has any legal cause to show why judgment should not be pronounced against him."

the accused has violated the terms and conditions of probation. (*People* v. *Ector*, 231 Cal.App.2d 619, 628 [42 Cal.Rptr. 388].) Defendant, an admitted epileptic, was convicted of driving a motor vehicle at a time when his driver's license was revoked; he was involved in an accident. The judge commented that the probation reports show defendant has had a great deal of medical help and over the years has failed to cooperate with it; there have been repeated violations; he has used dangerous drugs; "he certainly has drunk —contraindicated for an epileptic"; he has not sought psychiatric advice; he has not been willing to cooperate in his treatment; he "has continued to violate the law in fashions which are very dangerous to the public"; a violation of section 14601, Vehicle Code, is a serious one, especially for this defendant and particularly since an accident occurred; the Department of Corrections saw defendant in 1965 and returned a report suggesting he should be committed to the Department of Corrections;[2] "he's failed on probation each time. He has not cooperated with probation. And he continues to be a dangerous person"; and while everything indicates that the source of his problem is physiological, he [the judge] has "concern about the physiological injuries to people that will be injured by him when he drives his car under conditions when he should not drive his car. . . . It's the next brain damage case that concerns me." While counsel attempted to present a favorable climate for retention of defendant on a modified probation, defendant offered nothing concerning his rehabilitation and produced no witnesses, expert or otherwise, to justify probation or another referral to a diagnostic facility. Under the circumstances, the court properly exercised its discretion in revoking probation and sentencing him to the state prison.

The judgment is affirmed.

Wood, P. J., and Fourt, J., concurred.

---

[2]After judgment was pronounced defense counsel asked the judge: "Would you consider the imposition of the 90-day observation period in Mr. Nelson's case?" and he replied, "He has already had it. And in the 90-day observation period, the recommendation was a commitment to the Department of Corrections. Mr. Nelson has already been to the Department of Corrections under 1203.03, and was returned with a recommendation for commitment to the Department of Corrections. That was one of the matters which I read and considered in the file."