[Crim. No. 1535. Fifth Dist. Nov. 5, 1973.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERTO PINON, Defendant and Appellant.

## Counsel

Willard L. Weddell, Public Defender, and Robert T. Baca, Deputy Public Defender, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, William E. James, Assistant Attorney General, James T. McNally and Anthony L. Dicce, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**FRANSON, J.**—On May 3, 1972, appellant was charged by information Number 15351 with one count of robbery (Pen. Code, § 211) and one count of forcible rape (Pen. Code, § 261, subd. 2). He pleaded not guilty to both counts.

On June 9, 1972, appellant entered a plea of guilty to the rape charge pursuant to a stipulation that he would spend no more than one year in the county jail as a condition of felony probation. The robbery charge was dismissed in the interest of justice. At the appellant's request, the time of sentencing was set over to August 15 to allow appellant to attend to personal matters before he began to serve his time in the county jail. Sentencing was thereafter continued on several occasions until November 21 at which time appellant's counsel told the judge that the case had been continued to that date because appellant was facing "another charge" but that he did not think that there was any reason to further delay sentencing.[1]

Appellant was placed on probation for a period of three years on the condition that he spend the first year in the county jail with credit for time

---

[1]Defense counsel did not advise the judge of the nature of the other charge nor was there any discussion as to its possible disposition, other than "there have been some motions in the other case and it has been continued beyond this date." The court made no inquiry as to the other charge nor did it advise appellant as to what effect the other charge might have on his bargain for probation.

served and he was directed to obey all reasonable instructions of the probation office.

The other charge to which defense counsel alluded at the hearing of November 21 was information Number 15632. In that information appellant was charged with rape and oral copulation involving a different victim; these offenses were alleged to have occurred about August 27. Appellant pleaded not guilty to these new charges and trial was set for January.

On December 29, 1972, at a pretrial hearing, the People filed an amended information Number 15632 alleging a third count, violation of Penal Code section 217, assault with intent to commit murder. This amended information also alleged a prior felony of forcible rape, relating to the appellant's plea of guilty on June 9. At the December 29 hearing appellant was represented by a deputy public defender; after being advised that a plea of guilty to assault with intent to commit murder would result in the revocation of his probation in the instant case, appellant pleaded guilty and admitted the prior felony conviction. The charges of rape and oral copulation were dismissed on motion of the People.

Appellant was sentenced to prison on his plea of guilty to assault with intent to commit murder. The judge then revoked appellant's probation and imposed a prison sentence to run concurrently with the other sentence.

On January 2, 1973 appellant moved for reconsideration of the order revoking probation contending that he had violated none of the terms of probation and inasmuch as his plea of guilty to the charge of assault with intent to commit murder related to a crime which had been committed prior to the time he was placed on probation, such plea could not be the basis for an order of revocation.[2] The motion was denied and appellant filed a timely appeal to this court.

### REVOCATION OF PROBATION

■  Probation is not a matter of right but an act of clemency, the granting and revocation of which are entirely within the sound discretion of the trial court. (*In re Larsen,* 44 Cal.2d 642, 645 [283 P.2d 1043]; *People v. Nelson,* 257 Cal.App.2d 282, 285 [64 Cal.Rptr. 801].) ■ Probation may be revoked whenever the probationer has demonstrated to the trial court that he is unfit to be at large.[3] (*People v. Delles,* 69 Cal.2d 906, 911,

---

[2]Appellant contends that probation can be revoked only for offenses committed *subsequent* to being placed on probation, citing Penal Code section 1203.2. His contention is rejected for the reasons hereafter stated.

[3]Even though appellant was in custody and subject to a prison commitment on the other charge when probation was revoked, this principle is nonetheless applicable

fn. 2 [73 Cal.Rptr. 389, 447 P.2d 629]; *In re Solis,* 274 Cal.App.2d 344, 349 [78 Cal.Rptr. 919]; *People* v. *Martin,* 58 Cal.App.2d 677, 682-683 [137 P.2d 468].) Further, and additionally, the court in exercising its discretion to terminate probation is not strictly limited to the grounds specified in Penal Code section 1203.2.[4] (*People* v. *Delles, supra,* at p. 911, fn. 2; *In re Solis, supra,* at p. 349.)

■ In the instant case appellant, by admitting that he was guilty of assault with intent to commit murder, clearly demonstrated that he was a danger to the public and was unfit to be at large. This is unaffected by the fact that the crime from which the guilty plea arose occurred before appellant was placed on probation. Public policy demands that a court have the power to terminate probation when, in the exercise of sound judgment, it becomes apparent that a defendant's probation jeopardizes the safety of other citizens.

Nor does the fact that the court knew that another charge was pending when it placed appellant on probation foreclose the exercise of its discretion. Unless the court agrees to leave a defendant on probation regardless of the ultimate disposition of the other charge, thus including the other charge within the bargain, it would be against public policy to hold that it may not exercise its discretion to revoke probation upon his conviction of the other charge.

The revocation of probation was proper.

### PLEA BARGAIN

Although the court had adequate grounds to revoke the appellant's probation, the termination of probation served to negate the benefit of the bargain under which he pleaded guilty to rape. ■ Where a plea bargain specifying the punishment to be imposed on a defendant has been

---

The prison term for conviction of assault with intent to commit murder with a prior felony conviction is 2-14 years. (Pen. Code, §§ 217, 3024, subd. (c).) The term for forcible rape is not less than three years. (Pen. Code, § 264.) By revoking probation and imposing a prison sentence on the rape charge, the court effectively assured appellant's removal from society for a longer period of time than if he had remained on probation subject only to serving the minimum sentence of two years for conviction of assault with intent to commit murder.

[4]Penal Code section 1203.2 provides in part: ". . . the court may revoke and terminate such probation if the interests of justice so require and the court, in its judgment, has reason to believe from the report of the probation officer or otherwise that the person *has violated any of the conditions of his probation, has become abandoned to improper associates or a vicious life, or has subsequently committed other offenses,* regardless whether he has been prosecuted for such offenses." [Italics added.]

accepted by the prosecuting attorney and approved by the court, the defendant cannot be sentenced to a punishment more severe than that specified in the plea. (Pen. Code, § 1192.5;[5] see *People* v. *West,* 3 Cal.3d 595, 610 [91 Cal.Rptr. 385, 477 P.2d 409]; *People* v. *Flores,* 6 Cal.3d 305, 308-309 [98 Cal.Rptr. 822, 491 P.2d 406].) If the court is for some reason unable to effectuate the bargain, a defendant must be given an opportunity to withdraw his guilty plea. (Pen. Code, § 1192.5; *People* v. *West, supra,* at p. 610; *People* v. *Delles, supra,* at p. 910; *People* v. *Ramos,* 26 Cal. App.3d 108, 110-111 [102 Cal.Rptr. 502].)

▉ At the time of pronouncing judgment the trial court, knowing that another charge was pending, should have advised appellant that the other charge, depending on its disposition, would be considered by it in deciding whether he would continue on probation. Since he was not so advised, the right to withdraw the plea accrued to the appellant. Faced with a comparable problem, the court cogently stated in *People* v. *Ramos, supra,* 26 Cal.App.3d 108 at page 111: "The idea behind court participation in plea bargaining is to spread the entire bargain on the table and make it a part of the record. [Citation.] Implicit in the concept is the requirement all participants must conduct themselves openly and with the utmost fairness. If the court was of the opinion [the defendant] was not entitled to remain on probation, it should have rejected the bargain and permitted him to withdraw his guilty plea. To give lip service to the bargain by granting probation in the principal case and then revoke probation in the prior cases does not meet the required standard."

By failing to advise appellant that his probation would be subject to termination on the basis of a conviction of the other charge, the promised probation which induced the guilty plea turned out to be illusory as evidenced by its revocation after one month. We assume that both the People and the court knew that probation would be revoked if appellant was convicted on the other charge, yet he was not so advised.

However, appellant did not ask to withdraw his guilty plea in the trial

---

[5]Penal Code section 1192.5 provides in relevant part: "If the court approves of the plea, it shall inform the defendant prior to the making of the plea that (1) its approval is not binding, (2) it may, at the time set for the hearing on the application for probation or pronouncement of judgment, withdraw its approval in the light of further consideration of the matter, and (3) in such case, the defendant shall be permitted to withdraw his plea if he desires to do so. The court shall also cause an inquiry to be made of the defendant to satisfy itself that the plea is freely and voluntarily made, and that there is a factual basis for such plea.

"If such plea is not accepted by the prosecuting attorney and approved by the court, the plea shall be deemed withdrawn and the defendant may then enter such plea or pleas as would otherwise have been available."

court although he had ample opportunity both at the December 29 hearing, when he was advised that probation was going to be revoked, and on January 2, when he sought reinstatement of probation.[6] Failure to seek such relief in the trial court precludes relief on this basis on appeal. (*People v. Barajas,* 26 Cal.App.3d 932, 937 [103 Cal.Rptr. 405]; see also *People v. Massie,* 66 Cal.2d 899, 910 [59 Cal.Rptr. 733, 428 P.2d 869].) We further point out that appellant does not request that remedy in this court, but, instead has sought only a reinstatement of his probation.

The judgment is affirmed.

Brown (G. A.), P. J., and Gargano, J., concurred.

---

[6]A defendant desiring to withdraw a guilty plea may either do so by a motion under Penal Code section 1018 before judgment or by a motion to vacate judgment or a petition in the nature of *coram nobis* after judgment. (*People* v. *Delles* (1968) 69 Cal.2d 906, 910 [73 Cal.Rptr. 389, 447 P.2d 629]; *People* v. *Wadkins* (1965) 63 Cal.2d 110, 113-114 [45 Cal.Rptr. 173, 403 P.2d 429].)