Filed 7/16/14  P. v. Leftenant CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JUBAL LEFTENANT,<br><br>    Defendant and Appellant. | 2d Crim. No. B250448<br>(Super. Ct. No. 2008015968)<br>(Ventura County) |

Jubal Leftenant appeals from the trial court's order revoking probation and ordering him to serve a two-year state prison sentence, execution of which was suspended in 2010.  We affirm.  (Pen. Code, § 1203.2, subd. (a); *People v. Rodriguez* (1990) 51 Cal.3d 437, 443.)

*Facts and Procedural History*

On March 1, 2010, appellant entered into a negotiated plea to felony driving under the influence of alcohol (DUI) with a prior DUI conviction (Veh. Code, § 23152, subd. (a); 23550.5, subd. (a)) and driving with a suspended license with a prior DUI conviction (Veh. Code, § 14601.2).  The trial court sentenced appellant to two years state prison, suspended execution of sentence, and granted five years formal probation with 120 days county jail.   As a condition of probation, appellant was ordered not to use or possess marijuana unless pursuant to a doctor's recommendation.  He was also to

enroll in and complete a Multiple Conviction Drinking Driver Program (MCDD program).

On May 31, 2012, a violation of probation (VOP) notice was filed alleging tht he was driving with a suspended driver's license, not paying a $200 fine to the State Restitution Fund, and not paying probation fees totaling $2,688.34. A first amended VOP notice was filed, alleging that he had failed to report to probation or submit to drug alcohol testing, had tested positive for marijuana, and was disqualified from the MCDD program on November 20, 2012. Appellant claimed the marijuana was medically "prescribed" for back pain and that "he never missed" his MCDD classes. After Appellant admitted the probation violation, the trial court revoked and reinstated probation and re-referred appellant to the MCDD program.

On May 21, 2013, a new VOP notice was filed alleging that he failed to report to probation and had not submitted to drug/alcohol testing on May 3, 2013. The VOP notice alleged that appellant tested positive for marijuana on May 10, 2013 and was disqualified from the MCDD program for excessive absences and acting inappropriately with program staff. The trial court revoked probation, reinstated probation with modifications, and re-referred appellant to the MCDD program.

On July 16, 2013, a first amended VOP notice was filed for not reporting to probation or submitting to drug testing on May 3, 2013 and July 12, 2013. The amended VOP notice alleged that appellant: (1) was disqualified from the MCDD program for excessive absences and inappropriate conduct, (2) that appellant had not made restitution payments and was $2,623.34 in arrears on his probation fees, and (3) that a glass marijuana pipe, a baggie of one gram of marijuana, and marijuana containers were found in appellant's house during a probation search. The VOP notice stated that appellant had a 20-year criminal record that included five prior DUI convictions, one of which was a felony, and that appellant "consistently demonstrates noncompliance and . . . fails to take responsibility for his actions. **He continues to challenge probation and he cannot be properly supervised in the community.**" (Original in bold.)

2

At the VOP hearing, Deputy Probation Officer Bernal testified that appellant failed to report for probation and drug testing on two occasions. Appellant left a voice mail that he had a "medical condition " but did not provide a call-back number or documentation. Bernal stated that appellant was disqualified from the MCDD program for excessive absences and acting inappropriately with program staff, that appellant tested positive for marijuana on May 10, 2013, and that appellant was not paying his probation fees and fines even though he was employed and lived in a gated townhouse. During a July 5, 2013 probation search of appellant's townhouse, marijuana, marijuana containers and a marijuana glass smoking pipe were found.

At the VOP hearing, appellant claimed that he paid $643.87 to be readmitted into the MCDD program and was currently enrolled in the program. Appellant said that he had a medical marijuana card, that he "submitted the marijuana card to Probation," and that at a prior VOP hearing for smoking marijuana, "the judge dismissed it when I took [in] the card."

The trial court found that appellant violated probation when he was disqualified from the MCDD program and continued to use drugs. Appellant was ordered to serve the two year prison sentence previously imposed.

*Medical Marijuana Use*

Appellant argues that the trial court erred in revoking probation based on his medical use of marijuana. The probation terms provided that he could use or possess marijuana if "prescribed." It is uncontroverted that appellant possessed a medical marijuana card before probation was granted. The Attorney General concedes that the probation condition permitting "prescribed" use of marijuana is ambiguous and should have been resolved in appellant's favor. (*People v. Hoeninghaus* (2004) 120 Cal.App.4th 1180, 1196.)

*MCDD Program*

Appellant's probation was revoked on the alternative ground that appellant was disqualified from the MCDD program for unexcused absences. Penal Code section 1203.2, subdivision (a) authorizes a court to revoke probation if the interests of justice so

3

require and the court, in its judgment, has reason to believe that the person has violated any of the conditions of his or her probation. (See *People v. Rodriguez, supra,* 51 Cal.3d 437, 443.) The standard of proof in a probation revocation proceeding is proof by a preponderance of the evidence. (*Id.* at p. 446.) We review for substantial evidence and great deference is accorded the trial court's decision, bearing in mind that "[p]robation is not a matter of right but an act of clemency, the granting and revocation of which are entirely within the sound discretion of the trial court. [Citations.]" (*People v. Pinon* (1973) 35 Cal.App.3d 120, 123.) Only in a very extreme case should an appellate court interfere with the discretion of the trial court in the matter of denying or revoking probation. (*People v. Rodriguez, supra,* 51 Cal.3d at p. 443.)

The evidence shows that appellant was disqualified from the MCDD program for excessive absences and acting inappropriately with staff. Appellant argues that he paid the necessary program fees and was readmitted into the program which precludes any finding that he willfully violated probation. (See e.g., *People v. Buford* (1974) 42 Cal.App.3d 975, 985 [probation violation must be willful].) The trial court credited Deputy Probation Officer Bernal's testimony that appellant was disqualified from the program due to excessive absences and acting inappropriately with staff, as reported by DPP Supervisor Jessica Davis.[1] Appellant's decision to reenroll in the program before the VOP hearing does not negate the fact that he was disqualified from the program five months earlier. DPP Supervisor Jessica Davis confirmed that defendant is currently disqualified for 'excessive absences.' She also reports the defendant

---

[1] Appellant claims that DPP Supervisor Davis' statement is hearsay but did not object and is precluded from arguing, for the first time on appeal, that it is hearsay. (*People v. Alvarez* (1996) 14 Cal.4th 155, 186.) A probation report is admissible at a probation revocation hearing where it was prepared in the furtherance of the probation officer's duties and bears a substantial degree of trustworthiness. (*People v. Maki* (1985) 39 Cal.3d 707, 714-717 [; *People v. Cain* (2000) 82 Cal.App.4th 81, 87-88.) Davis' statement was consistent with other reports that appellant was disqualified from the program for excessive absences and inappropriate conduct.

repeatedly acts 'inappropriate' with program staff and continues to deny the disqualification."

"In placing a criminal on probation, an act of clemency and grace [citation], the state takes a risk that the probationer may commit additional antisocial acts. Where probation fails as a rehabilitative device, as evidenced by the probationer's failure to abide by the probation conditions, the state has a great interest in being able to imprison the probationer without the burden of a new adversary criminal trial. (*People v Rodriguez, supra,* 51 Cal.3d at p. 445.) Appellant may have reenrolled in the MCDD program but it does not excuse the excessive absences and desultory performance dating back to November 2012 which resulted in his disqualification from the program. Appellant was given several chances but, in the words of Deputy Probation Officer Bernal, "likes to challenge law enforcement," is uncooperative, and is difficult to supervise. Substantial evidence supports the finding that appellant violated his probation and should serve the bargained for sentence. Appellant makes no showing this is a "'very extreme'" case, requiring an appellate court to reverse the trial court's discretionary findings and reinstate appellant's probation. (*People v. Rodriguez, supra,* 51 Cal.3d at p. 443.)

The judgment is affirmed.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P.J.


PERREN, J.

5

Ferdinand D. Inumerable, Judge

Superior Court County of Ventura

_____


Christian Alvarez Barnes, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Michael R. Johnsen, Supervising Deputy Attorney General, Mary Sanchez, Deputy Attorney General, for Plaintiff and Respondent.