Filed 12/12/14  P. v. Rodriguez CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>BRUCE SCOTT RODRIGUEZ,<br><br>        Defendant and Appellant. | A142407<br><br>(Del Norte County<br>Super. Ct. Nos. CRF 13-9841,<br>PRCS 13-0027) |

Appellant Bruce Scott Rodriguez, pursuant to a negotiated disposition, entered a plea of guilty to driving under the influence with prior felony convictions (Veh. Code, §§ 23550.5, 23152, subd. (a)).[1]  The trial court denied probation and imposed a term of confinement of two years, the maximum permitted under the terms of the plea agreement. Rodriguez appeals his sentence.  Assigned counsel has submitted a *Wende*[2] brief, certifying that counsel has been unable to identify any issues for appellate review. Counsel also has submitted a declaration confirming that Rodroguez has been advised of his right to personally file a supplemental brief raising any points which he wishes to call to the court's attention.  No supplemental brief has been submitted.  As required, we have independently reviewed the record.  (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110.) We find no arguable issues and therefore affirm.

---

[1] Undesignated statutory references are to the Vehicle Code.

[2] *People v. Wende* (1979) 25 Cal.3d 436.

1

## BACKGROUND

Rodriguez did not obtain a certificate of probable cause (Pen. Code, § 1237.5; Cal. Rules of Court, rule 8.304(b)), and there are no cognizable issues before us relating to his guilt or to his plea. (*People v. Mendez* (1999) 19 Cal.4th 1084, 1097, 1099; *People v. Panizzon* (1996) 13 Cal.4th 68, 74.) We briefly recite the underlying facts only as they may be relevant to the court's sentencing choices.

On November 9, 2013, responding to a citizen report of a suspected drunk driver, Crescent City police officers observed Rodriguez's truck in the parking lot of a gas station. A passenger in Rodriguez's vehicle indicated that Rodriguez was the driver and had gone inside the gas station minimart. Rodriguez admitted that he had been driving, and that he had been drinking. A breath test administered to Rodriguez resulted in readings of .106 and .108 percent blood alcohol content. At the time of his arrest, Rodriguez was on postrelease community supervision (PRCS) for a 2010 conviction for driving under the influence of alcohol or drugs (case No. PRCS 13-0027).

Rodriguez was charged by information (case No. CRF 13-9841) with driving under the influence with prior felony driving under the influence convictions (§§ 23550.5, 23152, subd. (a)), driving with a .08 percent or more blood-alcohol level with prior felony driving under the influence convictions (§§ 23550.5, 23152, subd. (b)), and misdemeanor driving with a suspended license (§ 14601.2, subd. (a)). Three prior prison term enhancements (Pen. Code, § 667.5, subd. (b)) were also alleged. A petition to revoke PRCS was filed based on the new offenses.

Following an earlier mistrial, Rodriguez entered a plea of guilty on March 21, 2014, to driving under the influence with prior felony convictions (§§ 23550.5, 23152, subd. (a)).[3] The plea agreement provided for a two-year "lid" on any prison sentence to be imposed, with Rodriguez reserving the right to argue for probation at the time of

---

[3] Rodriguez earlier entered a plea, on March 10, 2014, to the misdemeanor charge of driving on a suspended license (§ 14601.2, subd. (a)).

sentencing. The court accepted the plea, observing that the offer seemed "overly generous."

Sentencing occurred on May 1, 2014. The court rejected a probation department recommendation for a grant of probation so that Rodriguez could be closely monitored as to his compliance with imposed conditions, and so that the "flash incarceration" provisions provided by the terms of his PRCS in case No. PRCS 13-0027 could be utilized. The court stated that its view was "completely opposite," and that considering that this was Rodriguez sixth conviction for driving under the influence, "to expect that I'm going to give somebody probation with a record like that is, frankly, beyond the pale." The court stated that Rodriguez "is a danger, and he's going to keep going to prison as long as he keeps driving."

The court discussed the applicable factors in California Rules of Court, rule 4.414, concluding that under those factors Rodriguez was not a suitable candidate for probation. The court stated that it considered factors in aggravation and mitigation and expressly stated it was imposing a midterm of two-years, the maximum permissible under the plea agreement, based on Rodriguez's history of prior drunk driving and felony conduct. The court imposed a concurrent one-year term on the misdemeanor count of driving with a suspended license. Rodriguez received total custody credits of 288 days and, for the PRCS violation, he was ordered to serve a term of 180 days in county jail concurrent with his prison sentence.

The court also imposed $5,245 in fines and fees. That total included a base fine of $1,170—$660 for the felony, $500 for the misdemeanor, and a section 23645 alcohol fee of $10. Penalty assessments and a surcharge imposed pursuant to statute totaled $2,808. Additional fines and fees included a $585 DNA fee (Gov. Code, §§ 76104.6, 76104.7), $234 emergency services fee (*id.,* § 76000.5), $8 MedAir Trans Fund fee (*id.,* § 76000.10), $60 criminal conviction assessment ($30 per count) (*id.,* § 70373), $80 court security fee ($40 per count) (Pen. Code, § 1465.8), $300 restitution fund fine (*id.,* § 1202.4), and $300 stayed parole revocation fine (*id.,* § 1202.45).

3

Rodriguez filed timely notices of appeal on July 7, 2014. His request for a certificate of probable cause was denied.[4]

## DISCUSSION

We find no arguable issues. Rodriguez was represented by competent counsel at the time of sentencing. The court considered all relevant factors and the argument of counsel and rejected probation. The court then set forth its reasons for the term selected. (Pen. Code, § 1170, subd. (c).) "Probation is not a matter of right but an act of clemency, the granting and revocation of which are entirely within the sound discretion of the trial court. [Citations.]" (*People v. Pinon* (1973) 35 Cal.App.3d 120, 123.) The court the weighed aggravating and mitigating circumstances in assessing the appropriate prison term. (Cal. Rules of Court, rules 4.410, 4.425.) The choice of the appropriate term rests within the court's sound discretion. (Pen. Code, § 1170, subd. (b); see Cal. Rules of Court, rule 4.420.) No abuse of the trial court's "broad discretion" in sentencing is shown. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.) No arguable issues are presented as to the fines and penalties imposed, nor as to the custody credits Rodriguez received.

## DISPOSITION

The judgment is affirmed.

---

[4] Rodriguez's request for certificate of probable cause in his pro se notices of appeal challenged only the imposition of fines totaling in excess of $5,000, contending that "by law can't be fined this much if I'm also sent to prison." He is incorrect.

_____
BRUINIERS, J.

WE CONCUR:


_____
SIMONS, Acting P. J.


_____
NEEDHAM, J.

5