Filed 3/9/15  P. v. Gardea CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>v.<br><br>RYAN JEFFREY GARDEA,<br><br>　　　　Defendant and Appellant. | A142798<br><br>(Sonoma County<br>Super. Ct. No. SCR-646272) |

Pursuant to a negotiated disposition, Ryan Jeffrey Gardea entered a plea of no contest to felony elder abuse (Pen. Code, § 368, subd. (b)(1))[1] and admitted a prior felony conviction for which he had served a prison term (§ 667.5, subd. (b)).  The court imposed a total prison term of five years, the maximum permitted under the terms of the plea agreement.  Gardea appeals only from the sentence imposed.

Assigned counsel has submitted a *Wende*[2] brief, certifying that counsel has been unable to identify any issues for appellate review.  Counsel also has submitted a declaration confirming that Gardea has been advised of his right to personally file a supplemental brief raising any points which he wishes to call to the court's attention.  No supplemental brief has been submitted.  As required, we have independently reviewed the record.  (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110.)

We find no arguable issues and therefore affirm.

---

[1] Undesignated statutory references are to the Penal Code.

[2] *People v. Wende* (1979) 25 Cal.3d 436.

# I.  BACKGROUND

On February 15, 2014, Gardea was arrested by Petaluma police officers after assaulting his 72-year-old father.[3]  Gardea choked the victim and threatened him with a knife.  Gardea threatened to kill any officer who tried to arrest him.  Gardea was reported to be 6 feet nine inches tall and weighing 360 pounds.  In addition to sentence enhancement allegations for use of a knife and two prior prison terms, Gardea was charged by complaint with felony elder abuse (§ 368, subd. (b)(1)), unlawful criminal threats (§ 422), and misdemeanor child endangerment (§ 273a, subd. (b)).[4]

Criminal proceedings were suspended pursuant to section 1368 on March 14, 2014, after defense counsel declared a doubt as to Gardea's competence.  On May 23, the issue of competence was submitted on the medical reports.  The court found Gardea competent and reinstated criminal proceedings.  On June 2, Gardea entered a plea of no contest to the elder abuse charge and admitted one prison prior.  The plea was "open" as to sentence, and Gardea was advised that his maximum sentence would be five years.  The court found the plea to be knowing, intelligent and voluntary.

At the sentencing hearing on June 26, 2014, the victim appeared and told the court that he believed placement of his son in a "program" would be more appropriate than a prison sentence.  The probation presentence report noted that Gardea had abused a position of family trust, his prior adult convictions were "frequent, numerous and of increasing seriousness," and he was on a grant of conditional sentence at the time of his arrest; the probation officer recommended commitment to the Department of Corrections and Rehabilitation for a term of five years.  Defense counsel argued that Gardea suffered from significant mental illness and a "profound addiction to methamphetamine."  He asked that Gardea be committed to a "dual diagnosis" treatment facility.

---

[3] Gardea did not seek or obtain a certificate of probable cause and there are no cognizable issues relating to his guilt, or to his plea.  (§ 1237.5; Cal. Rules of Court, rule 8.304(b); *People v. Mendez* (1999) 19 Cal.4th 1084, 1097, 1099.)  Facts underlying his offenses were described in the probation report and are only briefly described here as is relevant to the trial court's sentencing choices.

[4] Gardea's seven-year-old son was present during the assault.

The trial court stated that it had read and considered the probation report and noted that Gardea had been to at least four other treatment programs. The court acknowledged Gardea's mental health and addiction issues, but declined to make a finding of unusual circumstances that would allow a probationary sentence. (Cal. Rules of Court, rule 4.413.) The court selected the aggravated term of four years based on several facts: Gardea took advantage of a position of trust; he had engaged in violent conduct; his adult convictions were frequent and increasing in seriousness; he had served a prior prison term that was not the basis for a sentence enhancement; and he had unsatisfactory performance on multiple prior grants of probation and conditional sentence. The court imposed an additional term of one year for the prison prior for a total of five years. Gardea received credit for actual custody credit of 132 days, with a total credit of 264 days.

Gardea filed a timely notice of appeal, challenging only the sentence imposed.

## II. DISCUSSION

We find no arguable issues. The trial court reviewed and considered the probation report (which recommended a prison sentence) and the argument of counsel. Gardea was presumptively ineligible for probation, in the absence of unusual circumstance, due to his two prior felony convictions. (§ 1203, subd. (e)(4).) The court nevertheless considered and rejected probation. (Cal. Rules of Court, rule 4.414.) "Probation is not a matter of right but an act of clemency, the granting and revocation of which are entirely within the sound discretion of the trial court. [Citations.]" (*People v. Pinon* (1973) 35 Cal.App.3d 120, 123.) The court then weighed aggravating and mitigating circumstances in assessing the appropriate prison term. (Cal. Rules of Court, rules 4.410, 4.425.) The choice of the appropriate term rests within the court's sound discretion. (§ 1170, subd. (b); see Cal. Rules of Court, rule 4.420.) The record amply supports the court's choices. No arguable issues are presented as to the fines and penalties imposed or the custody credits Gardea received.

## III. DISPOSITION

The judgment is affirmed.

3

_____

BRUINIERS, J.


WE CONCUR:


_____

JONES, P. J.


_____

NEEDHAM, J.

4