Filed 10/22/15  P. v. Felix CA2/6
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>ROBERT FELIX,<br><br>  Defendant and Appellant. | 2d Crim. No. B262409<br>(Super. Ct. No. 1291688)<br>(Santa Barbara County) |

Robert Felix appeals from an order terminating probation and ordering him to serve a 13 year four month state prison term on his 2009 conviction for assault with personal use of a deadly weapon (Pen. Code, § 245, subd. (a)(1))[1], possession of a deadly weapon (§ 12020, subd. (a)(1), and false imprisonment (§ 236) with three prison prior enhancements (§ 667.5, subd. (b)).  Appellant claims that the trial court abused its discretion in not reinstating probation and in ordering him to serve the state prison sentence.  We affirm.

In 2009, appellant pled no contest to assault with a deadly weapon, possessing a deadly weapon and false imprisonment, and admitted that he had suffered three prison prior terms (§ 667.5, subd. (b)) and a prior serious felony conviction for robbery (§ 667, subd. (a)(1).)  The prosecution dismissed the prior serious felony

_____

[1] All statutory references are to the Penal Code.

conviction for sentencing purposes.  On September 30, 2009, the trial court sentenced appellant to 13 years four months state prison, suspended execution of sentence, and granted five years probation with jail and drug/alcohol terms.

In  2013 and 2014,  appellant violated probation on two occasions. The trial court reinstated probation and ordered appellant to serve additional jail time.

In September 2014, appellant was charged with beating a man with a deadly weapon.  (§ 245, subd. (a)(1);  Super.Ct. Case No. 1471073.)   At the preliminary hearing, the prosecution elected to treat the matter as a probation violation and dismissed the new charge.  The trial court found appellant in violation of probation, terminated probation, and ordered appellant to serve the 13 year four month prison sentence previously imposed.

### Termination of Probation

Appellant argues that the trial court abused its discretion in revoking and terminating probation.  Section 1203.2, subdivision (a) authorizes the trial court to revoke probation if it has reason to believe that the person has violated a condition of his or her probation.  (See *People v. Rodriguez* (1990) 51 Cal.3d 437, 443.) "Probation is not a matter of right but an act of clemency, the granting and revocation of which are entirely within the sound discretion of the trial court. [Citations.]" (*People v. Pinon* (1973) 35 Cal.App.3d 120, 123.)  Only in a very extreme case will an appellate court interfere with the discretion of the trial court in revoking probation. (*People v. Rodriguez, supra,* 51 Cal.3d at p. 443.)

The preliminary hearing evidence shows that appellant beat George Calderon with a metal object.  Calderon was on the ground and held onto appellant's leg.  Yajaira Alarcon saw appellant punch Calderon in the head 10 to 15 times and get a "stick" and stab Calderon "like everywhere."  Before the police arrived, appellant walked over to a trash can, took his shirt off, and put another shirt on.  A blood-stained shirt and metal file wrapped in a washcloth were found in the trash can.  The metal file had blood on both ends.

2

Santa Barbara Police Officer Megan Harrison found Calderon unconscious and bleeding profusely from the head. Calderon was treated at the hospital for a forehead laceration, a laceration to the right ear and detached earlobe, lacerations on the right leg, and a puncture wound to the chest.

Appellant claimed that Calderon started a fist fight but the trial court concluded that the right of self-defense does not include the right to use excessive force to repel a non-lethal attack. (CALCRIM 3471; *People v. Clark* (1982) 130 Cal.App.3d 371, 380.) The trial court found that "[i]t's clear that this was a violent act with a weapon." The evidence shows that appellant willfully violated his probation.

Appellant argues that the trial court abused its discretion in not reinstating probation. The trial court found that the fight "makes it an easy choice . . . the weapon ha[d] a padded end so it could be carried. I mean, there's no way around that part of it, and unfortunately, the Defendant decided to accept a suspended sentence and, in doing so, he put himself in this predicament. And so when you have 13 years, [four] months suspended over your head, you cannot carry around a file and get into fights the way that you did, whether it's the first day of your probation or the last day . . . ."

Appellant argues that probation should have been reinstated because he was on the verge of completing probation and the prior probation violations were minor. Appellant was granted an extraordinary opportunity to reform his ways and wasted it. The evidence supported the finding that probation was not working and should be terminated. (*People v. Rodriguez, supra,* 51 Cal.3d at p. 445.) Appellant had a long history of violent offenses (resisting arrest, fighting, robbery, battery on a cohabitant, battery with serious injury), and was on probation for assault with a deadly weapon (a knife) when he committed the new offense (assault with a metal file). Rather than reform his ways, appellant was still assaulting his victims with deadly weapons. Appellant makes no showing that the trial court abused its discretion in terminating probation and ordering appellant to serve the state prison sentence.

(*People v. Downey* (2000) 82 Cal.App.4th 899, 909-910; *People v. Angus* (1980) 114 Cal.App.3d 973, 988.)

*Execution of State Prison Sentence Suspended*

Appellant argues that a state prison sentence was not imposed and suspended when he was granted probation in 2009. The probation pre-sentence report described the plea terms as follows: "13 years, 4 months prison suspended, 5 years probation, no alcohol, participate in counseling as offered by the Probation officer, credit for time[] served at sentencing."

During the July 22, 2009 plea colloquy, the prosecution explained the terms of the plea. Appellant was advised that "you're going to be placed on probation for five years. Should you violate that probation at any time in the next five years, you will be sentenced to prison for 13 years, four months. Do you understand that?"

Appellant responded "Yes" and was advised that "one of the provisions of your probation is that you drink alcohol, so if you drink alcohol, [and] you're brought back to this court, Judge Ochoa can send you to prison for 13 years, four months, and that's what I will be asking for. Do you understand that?

Appellant answered "Yes" and was advised: "So if you come back to court and say, I only had that one beer because I was just having a beer that day, I won't do it again, it's still 13 years, four months. Do you absolutely understand that?" Appellant responded "Yes."

At the September 30, 2009 sentencing hearing, the trial court referred to the pre-sentence probation report and a Sentencing and Probation Order which stated that appellant was being sentenced to 13 years four months state prison, with execution of sentence suspended. Appellant's trial attorney requested that the order be modified to reflect custody credit, booking fee, and restitution fine changes. The request was granted and the changes were handwritten on the order.

The trial court stated: "All right. *I'll grant probation on the terms indicated.* [¶] Mr. Felix, you'll need to review the orders, sign the order on probation acknowledging your acceptance of those terms and conditions, then the bailiff will

4

give you a copy of the orders." (Italics added.) Appellant signed the Sentencing and Probation Order which stated: "I have read and fully understand the above terms and conditions an accept them, and I hereby acknowledge receipt of a copy of this Order on Probation . . . ."

Appellant complains that the oral pronouncement of sentence ("I'll grant probation on the terms indicated") is inconsistent with the court minutes and the Sentencing and Probation Order. Where there is a conflict between the oral pronouncement of judgment and the minute order, the oral pronouncement generally controls. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185-186; *People v. Mesa* (1975) 14 Cal.3d 466, 471.) Discrepancies are to be harmonized where the oral pronouncement of judgment incorporates the probation terms by reference. (*People v. Rodriguez* (2013) 222 Cal.App.4th 578, 586.) Probation conditions 'need not be spelled out in great detail in court as long as the defendant knows what they are. . . [Citation.]" (*Ibid*.)

Here, the trial court granted probation "on the terms indicated" after appellant acknowledged orally and in writing that he was receiving a suspended state prison sentence. (See §§ 1203, subd. (a); 1203.1, subd. (a); *People v. Sidwell* (1945) 27 Cal.2d 121, 129 [court may not suspend execution of sentence unless it is granting probation].) The sentence was discussed in the plea colloquy and set forth in the Sentencing and Probation Order, which was signed by appellant and the trial court. When appellant appeared at the probation violation hearing four years later, his attorney acknowledged that appellant had a "substantial amount of time hanging over [his] head" and argued for a one year sentence.

The trial court stated that "since it's a suspended sentence, I have no choice. [¶] I can't parse it out and give one year or six months or five years. It's a suspended sentence of 13 years, [four] months, and so that will be the sentence."

We reject the argument that the trial court erred in not imposing a lesser sentence. If the trial court revokes and terminates probation in a case in which a prison sentence has been imposed but execution of sentence suspended, the court must

5

order the original sentence into full force and effect. (§ 1203.2, subd. (c); Cal. Rules of Court, rule 4.425(b)(2); *People v. Howard* (1997) 16 Cal.4th 1081, 1088.) The trial court did not abuse its discretion in ordering appellant to serve the 13 year four month prison sentence.

  The judgment is affirmed.

  <u>NOT TO BE PUBLISHED.</u>


             YEGAN, J.

We concur:


  GILBERT, P.J.


  PERREN, J.

Donna D. Geck, Judge

Superior Court County of Santa Barbara

_____

California Appellate Project, under appointment by the Court of Appeal, Jonathan B. Steiner, Executive Director, Richard B Lennon, Staff Attorney, for Appellant

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Michael R. Johnsen, Supervising Deputy Attorney General, Syatt E. Bloomfield, Deputy Attorney General, for Plaintiff and Respondent.