Filed 2/5/16  P. v. Collins CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>QUINCY COLLINS,<br><br>        Defendant and Appellant. | A143878<br><br>(Solano County<br>Super. Ct. No. FCR307121) |

Pursuant to a negotiated disposition, Quincy Collins entered pleas of no contest in separate matters to a felony violation of a Vehicle Code section 2800.2 and a misdemeanor violation of Penal Code section 273.5.  Other charges and pending cases were dismissed.  While Collins was released on bail pending sentence, he was again arrested.  The court sentenced Collins to an aggravated term of three years in state prison on the felony violation.

Assigned counsel has submitted a *Wende* brief,[1] certifying that counsel has been unable to identify any issues for appellate review.  Counsel also submitted a declaration confirming that Collins was advised of his right to personally file a supplemental brief raising any points which he wishes to call to the court's attention.  No supplemental brief has been filed.  As required, we have independently reviewed the record.  (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110.)  We find no arguable issues and affirm.

---

[1] *People v. Wende* (1979) 25 Cal.3d 436.

## I. BACKGROUND AND PROCEDURAL HISTORY[2]

On April 26, 2014, a patrol officer observed Collins driving a vehicle. There was probable cause to arrest Collins on an unrelated matter. The officer was driving a fully marked police vehicle and was in full uniform. As Collins passed the patrol vehicle, he and the officer made eye contact. Collins accelerated away from the patrol vehicle and ran through a stop sign. The officer activated his lights and sirens. Collins drove at speeds reaching 65 miles per hour in residential areas. He ran through stop signs and a stop light with other vehicles and pedestrians in the area. Collins eventually parked and fled the vehicle, and he was pursued on foot. A canine unit was deployed, and Collins was located and taken into custody. Collins told the probation officer that when he fled, he was already out on bail in another matter and did not want to return to custody.

On April 29, 2014, the Solano County District Attorney charged Collins by felony complaint with violations related to the events on April 26 as well as violations alleged to have occurred on April 19 (case No. FCR307121): evading an officer while operating a motor vehicle (Veh. Code, § 2800.2, subd. (a); Counts 1 & 5); child abuse or endangerment (Pen. Code, § 273a, subd. (a); Count 2); misdemeanor resisting an officer (*id.*, § 148, subd. (a)(1); Counts 3 & 9); misdemeanor reckless driving (Veh. Code, § 23103, subd. (a); Count 4); misdemeanor possession of a controlled substance (Health & Saf. Code, § 11378; Count 6); possession of concentrated cannabis (*id.*, § 11357, subd. (a); Count 7); possession of ammunition (Pen. Code, § 30305, subd. (a)(1); Count 8); and misdemeanor prowling (*id.,* § 647, subd. (h), Count 10). It was further alleged that Collins was not eligible for county jail imprisonment due to a prior serious felony conviction. (Pen. Code, §§ 1170, subds. (f), (h)(3), 1385.) Collins entered a not guilty plea to all counts.

---

[2] The background facts are taken from the probation officer's presentence report, which summarized the facts of the instant case (No. FCR307121) from Fairfield police report No. 14-4255. At the time of Collins's pleas, the parties stipulated that that the court could consider the facts set forth in the "declaration of probable cause set forth to the arrest and detention report, Sheriff's [*sic*] Case Number 14-4255, for the factual basis for the plea."

On July 28, 2014, pursuant to a negotiated disposition, Collins entered a plea of no contest to Count 5 of the complaint, a felony violation of Vehicle Code section 2800.2 on April 26. The remaining charges and allegations were dismissed. Separate charges for possession of marijuana and methamphetamine (case No. FCR308595) were dismissed with a *Harvey*[3] waiver. It was agreed that the maximum punishment which the court might impose would be three years in the California Department of Corrections and Rehabilitation, with no initial state prison unless Collins failed to appear on the date set for sentencing, committed a new offense, or violated the terms of his release before judgment and sentence (i.e., a *Cruz* waiver).[4] Under those circumstances, the plea would become "open"—Collins would not be allowed to withdraw his plea and could be sentenced up to the maximum term of three years in state prison.

Collins committed a new offense while he was on bail between the time of his plea and the time of sentencing. At the time of sentencing in the instant case, drug charges from Collins's newest case (case No. 310798) were dismissed, with a stipulation that they would constitute a *Cruz* violation and that sentencing would be "open."[5]

The court denied probation in the felony matter and sentenced Collins to the aggravated term of three years in state prison, finding aggravated circumstances based on Collins's criminal history, his multiple failures in drug treatment programs, his failure to accept responsibility for his actions, and his demonstrated danger to the community.[6] The court awarded total presentence credits of 30 days. Collins filed at timely pro se notice of appeal based on the sentence or other matters occurring after the plea that did not affect the validity of the plea. A certificate of probable cause was not requested.

---

[3] *People v. Harvey* (1979) 25 Cal.3d 754.

[4] *People v. Cruz* (1988) 44 Cal.3d 1247, 1254.

[5] Counsel at a later point questioned the terms of the *Cruz* waiver at the time of the plea. The court said it would set the case for a hearing on the concession of the *Cruz* waiver if there was no admission. Counsel withdrew any objection to the *Cruz* waiver and asked that the court sentence Collins at that time.

[6] Collins also received a concurrent one-year county jail term on the misdemeanor violation of Penal Code section 273.5 noted *ante* (case No. 301323).

3

## II.    DISCUSSION

Collins did not obtain a certificate of probable cause (Pen. Code, § 1237.5; Cal. Rules of Court, rule 8.304(b)), and so no cognizable issues are before us relating to his guilt or to his plea.  (*People v. Mendez* (1999) 19 Cal.4th 1084, 1097, 1099; *People v. Panizzon* (1996) 13 Cal.4th 68, 74.)

To the extent Collins seeks to challenge imposition of a prison sentence, his failure to obtain a certificate of probable cause in these circumstances is equally fatal to his appeal.  " '[A] challenge to a negotiated sentence imposed as part of a plea bargain is properly viewed as a challenge to the validity of the plea itself' and thus requires a certificate of probable cause."  (*People v. Shelton* (2006) 37 Cal.4th 759, 766, quoting *People v. Panizzon, supra,* 13 Cal.4th at p. 79.)  Under the *Cruz* waiver terms, the trial court could impose any sentence up to the three-year maximum, and the court expressly advised Collins that he could be sentenced to the maximum term if the terms of the *Cruz* waiver were violated.  "The *Cruz* waiver in turn was an integral part of defendant's plea agreement.  Therefore, defendant's challenge to the agreed-upon sentence is a challenge to the validity of his plea and such a challenge requires a certificate of probable cause." (*People v. Vargas* (2007) 148 Cal.App.4th 644, 652; *id.* at pp. 651–652.)  Moreover, even if the issue were cognizable, "[p]robation is not a matter of right but an act of clemency, the granting and revocation of which are entirely within the sound discretion of the trial court."  (*People v. Pinon* (1973) 35 Cal.App.3d 120, 123.)

To the extent that Collins challenges the court's choice of the upper term, the court expressly weighed aggravating and mitigating circumstances in assessing the appropriate prison term.  (Cal. Rules of Court, rules 4.410, 4.425.)  The choice of the appropriate term rests within the court's sound discretion.  (Pen. Code, § 1170, subd. (b); see Cal. Rules of Court, rule 4.420.)  No abuse of the trial court's "broad discretion" in sentencing is shown.  (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.)

## III.    DISPOSITION

The judgment is affirmed.

4

_____
BRUINIERS, J.


WE CONCUR:


_____
SIMONS, Acting P. J.


_____
NEEDHAM, J.