Filed 2/15/24  P. v. Pineda CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E081270 |
| v. | (Super. Ct. No. FVI18001635) |
| MARIO DANIEL PINEDA, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Debra Harris, Judge.  Reversed with directions.

Matthew A. Lopas, by appointment of the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Steve Oetting and Paige B. Hazard, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

Defendant and appellant Mario Daniel Pineda, Jr., was ordered to serve a previously suspended sentence of four years in state prison after violating the terms of his probation. He now appeals this order on the grounds that, when the trial court issued it, it mistakenly believed it was prohibited from considering the nature of his probation violation. He argues that, by relying on a misunderstanding of the law when it decided to terminate his probation, the trial court abused its discretion.

The People argue that the trial court did not abuse its discretion because it was not *required* to consider the nature of the probation violation; and that, regardless of whether the trial court committed error, there was no prejudice to defendant because the trial court would have terminated his probation anyway. Thus, according to the People, reversal is unnecessary.

We conclude that reversal is warranted. The record shows that the trial court was mistaken about the scope of its discretion and should, therefore, be given the opportunity to exercise its full discretionary authority.

## FACTUAL AND PROCEDURAL HISTORY

In 2022 defendant pled no contest to one count of domestic violence and one count of violating a domestic violence restraining order under Penal Code[1] sections 273.5, subdivision (a) and 273.6, subdivision (a), respectively. The charges had arisen from allegations that, while visiting his girlfriend in violation of a restraining order, defendant

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

struck her in the face and smothered her with an article of clothing.  At the time of the incident, defendant and his girlfriend shared two children, and his girlfriend was pregnant with their third child.

After entering his guilty plea, the trial court sentenced defendant to the upper term of four years in state prison, but suspended the execution of the prison sentence pending defendant's successful completion of probation.  However, less than six months after the trial court granted probation, defendant was accused of violating its terms by failing to perform his monthly check-in with his probation officer and failing to inform his probation officer of a change in residence.  Defendant's whereabouts were unknown; and he did not respond to his probation officer's contact attempts.  He was eventually taken into custody, after which the trial court held a *Vickers*[2] hearing.  The trial court found that defendant had violated his probation and decided to terminate probation and execute the suspended prison sentence.  Defendant has timely appealed this order.

## DISCUSSION

### A.    STANDARD OF REVIEW

The order in question was issued after a *Vickers* hearing, i.e., a hearing on a motion to modify, revoke, or terminate a defendant's probation.  (§ 1203.2, subd. (b)(1).) "The decision whether to reinstate probation or terminate probation (and thus send the defendant to prison) rests within the broad discretion of the trial court." (*People v. Bolian* (2014) 231 Cal.App.4th 1415, 1421 (*Bolian*).)

---

[2]  *People v. Vickers* (1972) 8 Cal.3d 451.

3

"An abuse of discretion occurs when the trial court, for example, is unaware of its discretion, fails to consider a relevant factor that deserves significant weight, gives significant weight to an irrelevant or impermissible factor, or makes a decision so arbitrary or irrational that no reasonable person could agree with it." (*In re White* (2020) 9 Cal.5th 455, 470.) "Absent evidence to the contrary, we presume that the trial court knew and applied the governing law." (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1390 (*Gutierrez*).)

However, "when the record indicates the court misunderstood or was unaware of the scope of its discretionary powers, we should remand to allow the court to properly exercise its discretion." (*Bolian*, *supra*, 231 Cal.App.4th at p. 1421.) This is distinct from when the record "is merely silent on whether the court misunderstood its sentencing discretion" (*ibid*); "[e]rror may not be presumed from a silent record" (*People v. Brown* (2007) 147 Cal.App.4th 1213, 1229).

B.     THE APPLICABLE SCOPE OF THE COURT'S DISCRETION

A trial court may "revoke and terminate" a defendant's probation "if the interests of justice so require and the court, in its judgment, has reason to believe from the report of the probation or parole officer or otherwise that the person has violated any of the conditions of their supervision . . . ." (§ 1203.2, subd. (a).) Its discretion, however, "is not strictly limited to the grounds specified" in this statute. (*People v. Pinon* (1973) 35 Cal.App.3d 120, 124.)

4

Furthermore, California Rules of Court, rule 4.435, specifically states that, when "deciding whether to permanently revoke supervision, the judge may consider the nature of the violation and the defendant's past performance on supervision." (Cal. Rules of Court, rule 4.435(a).)

Here, the trial court found at defendant's *Vickers* hearing that defendant had violated the terms of his probation. It then gave defendant leave to argue "whether or not to reinstate probation based on the facts of the instant case, or to sentence defendant to the suspended sentence." Defendant began by asking the court to "consider reinstating" probation because his violation was "minimal." However, the court interrupted defendant to state, "As you are aware, the Court cannot consider the nature of the [probation] violation. I have to consider the facts of the instant case on whether or not he should be granted probation or sentenced to the suspended sentence." The context of this exchange indicates that, by "instant case," the trial court was referring to the underlying domestic violence convictions.

As defendant has asserted, this was a clear misstatement of the law because the trial court *can* consider the nature of the probation violation. This is explicitly stated in the California Rules of Court. Thus, the record affirmatively shows that the court was operating under a misapprehension of the scope of its discretion.

The People do not dispute that the court may consider the nature of the probation violation. They instead argue that this was not an abuse of discretion because the trial court was not *required* to consider it. Indeed, as the People point out, the trial court heard

5

argument, reviewed the probation office's recommendation, and considered defendant's history of domestic violence with this particular victim. These are not impermissible considerations; and section 1203.2 permits the court to revoke probation "if the interests of justice so require." (§ 1203.2, subd. (a).) Therefore, these facts alone do not point to an abuse of discretion.

The problem is that the trial court did not simply decline to give weight to the nature of the probation violation: It specifically expressed its belief that it was prohibited from considering it. The People argue that the trial court actually meant to convey that it "would not" consider the nature of the violation, given the court's discussion of the other facts of the case. But this argument is entirely conjectural. As in *Bolian*, "a fair reading of the court's comments demonstrates it was not aware of its discretionary power . . . ." (*Bolian*, *supra*, 231 Cal.App.4th at p. 1422.) Here the court explicitly stated it "*cannot* consider the nature of the violation[,]" not that it "would" not consider it. A fair reading of this comment starts with the presumption that the court meant exactly what it said: That it believed it was forbidden from giving any weight to the nature of the probation violation. That the trial court then considered the factors it did believe it had the authority to weigh is congruent with this interpretation of the court's words. We see no reason to second guess what the court explicitly told us.

The record affirmatively shows that the trial court erroneously believed it was prohibited from considering the nature of defendant's probation violation. This misunderstanding of the scope of its authority caused the court to abuse its discretion.

6

C.    REMAND IS APPROPRIATE

The Supreme Court has held that when "the record before us affirmatively indicates the trial judge [misunderstood] the scope of his sentencing discretion" and "nothing in the record excludes the possibility the judge might have exercised his discretion in defendant's favor[,]" the appropriate remedy is to remand for resentencing "to give the trial court an opportunity to exercise its discretion . . . ." (*People v. Rodriguez* (1998) 17 Cal.4th 253, 257-259, superseded by statute on other grounds.)  For the reviewing court to affirm in spite of a finding that the trial court misunderstood its discretion, the record would need to "clearly indicate that [the trial court] would have imposed the same sentence had they been aware of the full scope of their discretion." (*Gutierrez*, *supra*, 58 Cal.4th at p. 1391.)

This is what the People argue in the alternative:  That even if the trial court abused its discretion, remand is unnecessary because "the record clearly indicates that the court would have reached the same conclusion even if the court had explicitly considered the nature of the probation violation."  They argue that the trial court had signaled its "firm position that it would not reinstate probation" when it stated, " 'I'll be glad to entertain any facts you have to suggest to the Court that this would be a probation case.' "

We do not find this statement, or anything else in the record, emblematic of the trial court's position on the nature of the violation.  If anything, the statement simply highlights the omission in the record that had been created by the court's misreading of the confines of its discretion:  Defendant tried to suggest that probation be reinstated

7

because the violation that led to his *Vickers* hearing was minimal. The trial court refused to "entertain" this argument because it believed it was prohibited from doing so. The record on this issue is therefore undeveloped, such that we cannot fairly predict what the trial court would have decided had it considered the argument in full.

In summary, the record does not clearly indicate how the trial court would have ruled had it known it could consider defendant's argument about the nature of the probation violation. Therefore, remand is warranted to permit the court to exercise the full extent of its discretion.

## DISPOSITION

The judgment revoking and terminating defendant's probation is reversed. Defendant's sentence is vacated, and the matter is remanded to the trial court with directions to exercise its discretion whether to reinstate probation (either on the same terms or on modified terms) or terminate probation.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER

Acting P. J.

We concur:

CODRINGTON

J.

FIELDS

J.

8