Filed 5/20/24  P. v. Davis CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CHRISTOPHER AARON DAVIS,<br><br>    Defendant and Appellant. | C099154<br><br>(Super. Ct. Nos.<br>P21CRF0198, 22CR0685) |

From November 2020 until April 2022, defendant Christopher Aaron Davis violated probation several times and was charged with several new offenses.  On April 14, 2022, defendant pled no contest to robbery and resisting a peace officer (robbery case).  The trial court suspended execution of a three-year eight-month sentence and placed defendant on two years of probation.  Nearly a year later, the prosecution filed a petition to revoke probation on the basis defendant failed to report to the probation department.  After a contested hearing, the trial court lifted the stay and executed the

1

sentence. On appeal, defendant claims the trial court abused its discretion in revoking probation because the violation was "de minimis." We disagree and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

### I

### *Defendant's Conduct Prior To The Current Case*

In October 2021, while on probation in three prior cases, defendant pled no contest to felony vandalism and resisting a peace officer (vandalism case). Defendant also admitted six probation violations occurring between November 2, 2020, and March 11, 2021. As a result of defendant's conviction in the vandalism case and violations of probation, the trial court revoked and terminated probation, suspended imposition of the sentence for the vandalism case, and placed defendant on two years of probation.

In December 2021, defendant admitted a probation violation and the trial court revoked and reinstated probation. In February 2022, the prosecutor filed a petition to revoke probation, alleging defendant used a controlled substance. In March 2022, the prosecution again filed a petition to revoke probation, alleging defendant used a controlled substance. A few weeks later, defendant admitted violating probation as alleged in the February 2022 petition. With respect to that admission, the trial court reinstated probation on the same terms and conditions previously imposed with the added condition that defendant serve 60 days in jail. The trial court set a further hearing on the March 2022 revocation petition, which defendant contested.

In April 2022, prior to the contested probation revocation hearing, the prosecutor filed a complaint in the robbery case alleging defendant committed robbery and resisted a peace officer. Based on the criminal activity alleged in the robbery case, the prosecutor filed another petition to revoke probation in the vandalism case, alleging defendant had violated probation by failing to obey all laws. Defendant pled not guilty to the charges in the complaint and the trial court continued the hearing on the March 2022 petition to revoke probation in the vandalism case.

2

## II

### *The Current Robbery Case*

In April 2022, pursuant to a negotiated disposition, defendant pled no contest to both counts in the robbery case and admitted the allegation that he violated his probation in the vandalism case.  The trial court imposed a stipulated sentence of the middle term of three years for robbery in the robbery case and a consecutive subordinate term of eight months for felony vandalism in the vandalism case.  At sentencing, the prosecution objected to the grant of probation because defendant had approximately 18 probation violations in a "short period of time."  The trial court said it granted probation over the prosecutor's objection because defendant was relatively young and it wanted defendant to live a more law-abiding life, however the trial court warned defendant he would have a "pretty stiff prison sentence" if he violated probation again.

Consequently, the trial court suspended execution of defendant's sentence, dismissed the March 2022 petition to revoke probation in the vandalism case, and placed defendant on formal probation in both cases for two years with the condition that he serve one year in jail and waive custody credits.  The trial court ordered defendant to report to the probation department "[t]he next business day following his release from custody . . . and thereafter as directed" by the probation department.  The order for probation also instructed defendant to contact the probation department.  Defendant signed and dated the order indicating he received a copy and agreed to comply with the terms and conditions of probation.

Almost a year later, the prosecutor filed a petition to revoke defendant's probation because he failed to report to the probation department.  At the contested probation hearing, the trial court considered the arguments of counsel, the sentence imposed, the testimony of defendant and his probation officer, and the pretrial release report.

The probation officer testified that a condition of defendant's probation in both the vandalism and robbery cases was to report to the probation department as directed.  The

probation officer was assigned to defendant in March 2023, had defendant's correct contact information, and would talk to defendant via telephone on a weekly basis. He said that defendant was to report to probation on June 13, 2023, and did not. The officer attempted to contact defendant by telephone. He left defendant a voice message on June 13, 2022, and a follow-up voice message on June 20, 2023. The officer further testified defendant did not return either telephone call or make any other attempts to report to probation after the officer's attempt to contact defendant on June 20, 2023. The officer added that defendant could have reported via telephone call, text message, e-mail, or in person. Defendant claimed to have returned the probation officer's telephone calls but the officer testified he received no missed calls or voice messages from defendant. Defendant admitted he did not send a text message to the probation officer and testified he did not have the means to report in person.

The trial court found defendant willfully violated the terms and conditions of probation in both cases by failing to report to the probation department. It found defendant had several options to report to the probation department, including via telephone call or text message, and chose not to so. The trial court also found defendant "failed to be successful on probation," despite knowing he "had the [suspended] sentence as a consequence over him." As such, the trial court lifted the stay and ordered the sentence executed.

Defendant appeals.

## DISCUSSION

Defendant contends the trial court abused its discretion by revoking probation for what he characterizes as "de minimis" violations of the terms and conditions of probation. We disagree.

A trial court may revoke probation in the interests of justice. (Pen. Code, § 1203.2, subd. (a).) A trial court's probation revocation order is reviewed for an abuse

4

of discretion and its factual findings for substantial evidence. (*People v. Rodriguez* (1990) 51 Cal.3d 437, 442; *People v. Butcher* (2016) 247 Cal.App.4th 310, 318.)

"[W]hen considering probation revocation [a court's analysis] is not directed solely to the probationer's guilt or innocence, but to the probationer's performance on probation. Thus the focus is (1) did the probationer violate the conditions of his [or her] probation and, if so, (2) what does such an action portend for future conduct?" (*People v. Beaudrie* (1983) 147 Cal.App.3d 686, 691.) When defendant violated the terms and conditions of his probation, there is no abuse of discretion in revoking probation. (*People v. Nelson* (1967) 257 Cal.App.2d 282, 285-286.) "Where probation fails as a rehabilitative device, as evidenced by the probationer's failure to abide by the probation conditions, the state has a great interest in being able to imprison the probationer." (*People v. Rodriguez, supra*, 51 Cal.3d at p. 445.)

Defendant "does not dispute the trial court's conclusion finding [he] was in violation of one term of his probation." Reporting to probation was a material term of the probation order, defendant was aware of this term, and he violated it. Further, in the approximately 20-month period prior to the trial court revoking probation, defendant admitted eight probation violations in the vandalism case. Indeed, defendant's repeated probation violations over a short period of time were the reason the prosecutor objected to the trial court suspending execution of the sentence after defendant pled no contest in the robbery case. Even so, the trial court granted probation, over the prosecutor's objection, to allow defendant the opportunity to succeed on probation. Despite being given this opportunity and cautioned by the trial court about the consequences of further violations, defendant failed to report to the probation department showing he was not "amenable to probation and capable of complying with the terms and conditions of probation." The trial court properly considered the entirety of defendant's performance on probation and impliedly found that defendant's repeated probation violations indicated his future conduct on probation would result in the same outcome.

Defendant, relying on *People v. Buford* (1974) 42 Cal.App.3d 975, claims that his failure to report to the probation department was a "de minimis" violation and the trial court erred when it revoked probation. We disagree with defendant's reading of *Buford* and conclude it is distinguishable.

In *Buford*, the court held there was *insufficient evidence* the defendant willfully failed to report to the probation officer because the officer did not inform the defendant of the reporting requirements and the record demonstrated the defendant attempted to schedule new appointments on the few occasions he did not report. (*People v. Buford*, *supra*, 42 Cal.App.3d at pp. 985, 987.) Unlike the defendant in *Buford*, the record demonstrates this defendant knew to report to the probation department and failed do so. The probation officer had accurate contact information and attempted to contact defendant by telephone twice, leaving him two voice messages. The trial court also found defendant had the ability to report to probation via telephone call or text message but failed to do so. Defendant's concession that there is substantial evidence he violated the terms and conditions of probation further supports the trial court's finding that defendant's performance on probation was unsuccessful. We conclude the trial court did not abuse its discretion in revoking probation.

DISPOSITION

The judgment is affirmed.



                                        /s/
                                        ROBIE, J.



We concur:



/s/
HULL, Acting P. J.



/s/
MAURO, J.